UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| David Rodriguez, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br><br>Mena Hospital Commission d/b/a Mena Regional Health System,<br><br>        Defendant. | Case No. 2:23-cv-2002-PKH |
| Jessica Smedley, *et al.*, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Mena Hospital Commission d/b/a Mena Regional Health System,<br><br>        Defendant. | Case No. 2:23-cv-2021-PKH |
| Tanada Smith, *et al.,* individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br><br>Mena Regional Health System,<br><br>        Defendant. | Case No. 2:23-cv-02023-PKH |

1

| | |
|---|---|
| Chris Cant, *et al.,* individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Mena Hospital Commission d/b/a Mena Regional Health System and John Doe Insurance Carrier,<br><br>        Defendants. | Case No. 2:23-cv-02027-PKH |
| Carl Schoolfield, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Mena Regional Health System,<br><br>        Defendant. | Case No. 2:23-cv-02031-PKH |

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL UNDER RULE 23(g)

Rule 23(g)(3) permits the appointment of interim co-lead counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." *Moehrl v. Nat'l Assoc. of Realtors*, No. 19-cv-1610, 2020 WL 5260511, at *1 (N.D. Ill. 2020) (quoting Fed. R. Civ. P. 23(g)(3)); *see also In re Mercy Health ERISA Litig.*, No. 1:16-cv-441, 2016 WL 8542891, at *2 (S.D. Ohio Dec. 2, 2016) (same). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493-VB, 12 CV 1495-VB, 12 CV 2149-VB, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL

FOR COMPLEX LITIGATION ("MCL") § 21.11 (4th ed. 2004)).

Plaintiffs David Rodriguez, Jessica Smedley, on behalf of herself and her minor children, Daniel Smedley, Tanada Smith, on behalf of herself and her minor children, Chris Cant, Timothy Craig, and Carl Schoolfield ("Plaintiffs"), individually and on behalf of all others similarly situated, submit this Memorandum of Law in Support of Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel under Fed. R. Civ. P. 23(g)(3).

Plaintiffs respectfully request the Court appoint Bryan L. Bleichner (Chestnut Cambronne PA) and Danielle L. Perry as Interim Co-Lead Class Counsel ("Co-Lead Counsel"). Plaintiffs also respectfully request the Court appoint Randall K. Pulliam (Carney Bates & Pulliam, LLC) as Liaison Counsel ("Liaison Counsel").[1]

## I. INTRODUCTION

Plaintiffs' actions arise out of a data breach of Defendant via a ransomware attack on its network impacting over 88,000 individuals (the "Data Breach"). Hackers exfiltrated individuals' names, dates of birth, Social Security numbers, driver's license and government identification numbers, financial account information, patient account numbers, medical diagnoses and treatment details, financial account information, patient account numbers, medical diagnoses and treatment details, medical provider names, lab results, prescription details and health insurance specifics.[2]

Beginning on January 6, 2023, Plaintiff David Rodriguez filed the first of five class action complaints against Defendant Mena Hospital Commission d/b/a Mena Regional Health System

---

[1] Plaintiffs collectively refer to Proposed Co-Lead Counsel and Proposed Liaison Counsel as "Proposed Co-Lead and Liaison Counsel".

[2] https://www.beckershospitalreview.com/cybersecurity/arkansas-health-system-faces-lawsuit-regarding-its-november-data-breach.html (last visited: April 14, 2023).

3

that are currently pending in this District. *See Rodriguez v. Mena Hosp. Comm'n d/b/a Mena Regional Health Sys.*, Case No. 2:23-cv-2002-PKH (W.D. Ark) ("*Rodriguez*"). Since then, four additional cases have been filed in or removed (28 U.S.C. § 1441) to the United States District Court for the Western District of Arkansas. *See Smith v. Mena Hospital Comm'n d/b/a Mena Regional Health Sys.* 2:23-cv-02023-PKH (W.D. Ark.); *Smedley, et al., v. Mena Hospital Comm'n d/b/a Mena Regional Health Sys.*, Case No. 2:23-cv-2021-PKH (W.D. Ark.); *Cant, et al., v. Mena Hospital Comm'n d/b/a Mena Regional Health Sys.*, Case No. 2:23-cv-02027-PKH (W.D. Ark.); and *Schoolfield v. Mena Hospital Comm'n d/b/a Mena Regional Health Sys.*, Case No. 2:23-cv-02031-PKH (W.D. Ark.). On April 5, 2023, Plaintiffs moved to consolidate all five cases into the first-filed case *Rodriguez*. *Id*., Case No. 2:23-cv-2002, ECF No. 22.

As detailed below, Proposed Co-Lead and Liaison Counsel are unquestionably experienced and knowledgeable, they possess ample resources, and they have worked hard to identify and investigate the factual and legal claims in this action. Each of the Proposed Co-Lead and Liaison Counsel has a proven track record and respectfully submits that appointing them to manage this litigation would serve the best interests of the proposed class.

Provided the Court grants Plaintiffs' Unopposed Motion to Consolidate (ECF No. 22) and Plaintiffs' Motion to Appoint Co-Lead Class Counsel and Liaison Counsel under Rule 23(g), Plaintiffs will file a consolidated amended complaint within 30 days of the Court's Order.

**I.   LEGAL STANDARDS**

Rule 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); (*cited in Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687-JNE/JJK, 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)); *see also Moehrl*, 2020 WL

5260511, at *1.  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MCL§ 21.11; *see also Chen v. Target Corp.*, CV 21-1247 (DWF/DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021) ("the Court finds that appointment at this time will maximize efficiency by ensuring the consolidation of filings by current plaintiffs."); *Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MCL § 21.11 (4th ed. 2004)).  Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

Determining the appointment of lead class counsel requires the court to consider counsel's: "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Adedipe*, 2020 WL 835174, at *2 (citing Fed. R. Civ. P. 23(g)(1)(A)).  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." MCL § 10.22.  The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017).

5

Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

## II. ARGUMENT

Proposed Co-Lead and Liaison Counsel abundantly satisfy all of the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. *See generally* Declaration of Bryan L. Bleichner, Esq. in support of Plaintiffs' Motion to Appoint Co-Lead Counsel and Liaison Counsel under Rule 23(g) ("Bleichner Decl."). Proposed Co-Lead and Liaison Counsel possess the necessary resources to prosecute this litigation, are working together collaboratively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Moreover, Proposed Co-Lead Counsel have previously worked together on several occasions to successfully prosecute data-breach and other class actions, not only in this District, but also nationwide. Because Proposed Co-Lead and Liaison Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

### A. Proposed Co-Lead and Liaison Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor Courts consider when appointing lead counsel is the work and resources counsel expend investigating the claims being asserted. *See, e.g., Adedipe*, 2014 WL 835174, at *3 (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"). Here, immediately after the public announcement of the Data Breach, Proposed Co-Lead and Liaison Counsel began investigating

potential legal claims and remedies for the victims of the breach, including Plaintiffs. Those investigations included, among other things:

- Investigating the facts surrounding the data breach;
- Interviewing numerous consumers injured by the data breach;
- Researching legal claims;
- Drafting initial pleadings;
- Investigating and retaining experts in the area of data security and damages; and
- Organizing plaintiffs and counsel and consolidating the relevant actions for unified proceedings.

The facts Plaintiffs allege are egregious in terms of the information exposed and the scope of victims affected. Accordingly, Proposed Co-Lead and Liaison Counsel worked to quickly organize and avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplication.

Proposed Co-Lead and Liaison Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Co-Lead Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Co-Lead Counsel under Fed. R. Civ. P. 23(g)(3). Proposed Co-Lead and Liaison Counsel are organized, unified, and committed to working together for the best interests of the class.

### B. Proposed Interim Co-Lead and Liaison Counsel Possess the Necessary Experience and Skill to Prosecute This Action.

Proposed Co-Lead and Liaison Counsel possess the experience and skill to prosecute this action efficiently and effectively.  As set forth below, their résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions, including many of the major data breach cases in the United States.  They will formulate and present positions on substantive and procedural issues during the litigation. *See* MCL § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *Adedipe*, 2014 WL 835174, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

Plaintiffs propose that the Court designate Bryan L. Bleichner and Danielle L. Perry to be Co-Lead Counsel and designate Randall K. Pulliam as Liaison Counsel. As demonstrated below, these attorneys have substantial class-action and data-breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### 1. Bryan L. Bleichner [3]

Bryan L. Bleichner is a shareholder at Chestnut Cambronne PA, an officer of the Antitrust Section of the National Federal Bar Association, a featured speaker at the National American Bar Association, and a current member of the Sedona Conference Working Group Series. Mr. Bleichner has extensive experience serving as leadership or class counsel in numerous class

---

[3] A biography of Mr. Bleichner's firm is attached as Exhibit A to Bleichner Decl., ¶ 13.

8

action data breach cases including: *Hale v. ARcare,* No. 3:22-cv-117 (E.D. Ark.); *Hightower v. Receivables Performance Mgmt., LLC*, No. 2:22-cv-1683 (W.D. Wash.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-1061 (D. Ariz.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275-RAR (S.D. Fla.); *Baker v. ParkMobile, LLC*, No. 1:21-cv-2182 (N.D. Ga.); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-36-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc.*, No. 20-621-DSD-DTS (D. Minn.); *Village Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.); *Lutz v. Electromed, Inc.*, No. 70-CV-21-11814 (D. Minn.); *Thomas v. Pawn America Minnesota, LLC*, No. 0:21-cv-02554 (D. Minn.); and *Seabrian v. St. Joseph's/Candler Health System, Inc.*, No. STCV21-01652 (State Court of Chatham County, Georgia).

Mr. Bleichner also has experience serving as leadership or class counsel in non-data-breach class actions, including: *Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD (S.D. Ohio); *Howard*

*v. Life Time Fitness, Inc.*, No. 27-cv-20-10513 (Minn. 2020); *Barclay v. Icon Health & Fitness, Inc.*, No. 19-cv-02970-ECT-DTS (D. Minn.); *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863-WMW-KMM (D. Minn.); *In re Pork Antitrust Litigation.*, No. 18-cv-1776-JRT-HB (D. Minn.); *In re DPP Beef Litigation*, No. 20-cv-1319-JRT/HB (D. Minn.); *Bruner v. Polaris Industries Inc.*, No. 18-cv-00939-WMW-DTS (D. Minn.); *In re FedLoan Student Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.); *Travis v. Navient Corp.*, No. 17-cv-04885-JFB-GRB (E.D.N.Y.); *Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.); and *Christian v. National Hockey League*, No. 0:14-md-02551-SRN-JSM (D. Minn.).

### 2. Danielle L. Perry [4]

Danielle L. Perry is a partner at Mason LLP, and offers over a decade of experience in complex litigation to the benefit of her clients. Mason LLP is presently litigating over two dozen cases across the country involving privacy violations, data breaches, and ransomware attacks, and has a long history of successfully fighting for the privacy rights of their clients. Mason LLP attorneys were Co-Lead Counsel in *In re Dep't of Veterans Aff. (VA) Data Theft Litig.*, No. 1:06-MC-00506, 2007 WL 7621261 (D.D.C. Nov. 16, 2007) (unlawful disclosure of PPI of 28.5 million military veterans and active-duty personnel; $20 million settlement fund) and court-appointed Lead Counsel in *In re Google Buzz Privacy Litig.*, No. C 10-00672 JW, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ($10 million settlement fund in case arising for unauthorized disclosure of personal information). Mason LLP also served as Court-appointed Liaison Counsel in *In re U.S. Off. of Pers. Mgmt. Data Security Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017) (final approval granted Oct. 2022).

Ms. Perry herself has spent the last few years of her practice specializing in data breach

---

[4] A biography of Ms. Perry's firm is attached as Exhibit B to Bleichner Decl., ¶ 14.

class actions, and has been appointed lead and/or class counsel on numerous occasions. *See Nelson et al. v. Connexin Software Inc., d/b/a Office Practicum*, Case No. 2:22-cv-04676 (E.D. Penn.) (appointed to the Plaintiffs' Steering Committee, Apr. 2023); *Colston et al. v. Envision Credit Union,* Case No. 2022CA1476 (2d. Jud. Cir. For Leon County, Fl.) (appointed class counsel, final approval pending Apr. 2023); *Dekenipp v. Gstroenterology Consultants, P.A.*, Case No. 202161470 (295th District Court for Harris County, Texas) (appointed class counsel, final approval granted Nov. 2022); *Cece et al. v. St. Mary's Health Care System, Inc. et al*., Civil Action No. SU20CV0500 (Superior Court of Athens-Clarke County, Georgia) (appointed class counsel, final approval granted April 2022); *Richardson v. Overlake Hospital Medical Center et al*., Case No. 20-2-07460-8 SEA (King County Superior Court, State of Washington (appointed class counsel, final approval granted Sept. 2021

In addition to her experience in data breach litigation, Ms. Perry has extensive experience in complex cases that she can lend to the efficient litigation and resolution of this case. For example, Ms. Perry is currently appointed to the Leadership Development Committee in *In re: SoClean Inc. Litigation*, MDL No. 3021 (W.D. Penn.), where she works closely with Lead Counsel in all areas of litigation and fights for consumers rights pertaining to the purchase of defective and/or unsafe products. Ms. Perry has also played significant roles in numerous other MDLs that have been successfully resolved. *See, e.g. In re DevaCurl Litigation,* Master File No. 1:20-cv-01234-GHW (S.D.N.Y.) (final approval granted January 3, 2022) (Mason LLP served as court-appointed Co-Lead Counsel and Ms. Perry undertook significant work for clients and class members with extensive hair loss, leading client interviews, drafting pleadings, and preparing settlement and settlement approval papers); *In re Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litg.*, MDL No. 2887, No. 2:19-md-02887 (D. Kan.) (final approval granted Oct. 2021) (Mason

LLP served as court-appointed Co-Lead Counsel and Ms. Perry played a significant part in obtaining recovery for clients and class members who purchased dog food with sometimes lethal amounts of vitamin D, participating in client interviews, discovery, and preparing settlement and settlement approval papers); *In re: Marriott Int'l Data Sec. Data Breach Litig*, MDL No. 19-md-2879 (Dist. Md.) (Ms. Perry contributed to the plaintiff interview process and drafting of the consolidated amended complaint in data breach case); *In re U.S. Off. of Pers. Mgmt. Data Security Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017) (Mason LLP served as Liaison Counsel, and Ms. Perry assisted Lead Counsel in briefing pertinent issues in the data breach case). Ms. Perry is clearly qualified and well postioned to assist Co-Lead counsel in driving this case to resolution.

### 3. Randall K. Pulliam [5]

Randall K. Pulliam is a partner at Carney Bates & Pulliam, PLLC, a Little Rock based firm focused on representing consumers. Mr. Pulliam has practiced in the state courts of Arkansas as well as the Eastern and Western Districts of Arkansas since 1998. Mr. Pulliam has been lead or co-lead in hundreds of class actions filed within Arkansas and throughout the country.

Among the cases in which Mr. Pulliam was lead or co-lead counsel are *Ebarle, et al. v. LifeLock, Inc.*, 3:15-cv-00258 (N.D. Cal.), a class action on behalf of Customers of the identity theft protection service settled for $81 million; *Williams v. State Farm Mutual Automobile Ins. Co.*, Case No. 4:11-cv-00749-KGB (E.D. Ark.) (litigation involving insurance settlement practices that resulted in a common fund settlement of $21.7 million); *Eastwood, et al. v. Southern Farm Bureau Cas. Ins. Co.,* United States District Court for the Western District of Arkansas, Case No. 11-3075 (Co-Lead Counsel; $3.6 million settlement); *Econo-Med Pharmacy, Inc. v. Roche*

---

[5] A biography of Mr. Pulliam's work at his firm is attached as Exhibit C to Bleichner Decl., ¶15.

*Diagnostics Corporation*, 1:16-cv-00789-TWP-MPB (S.D. Ind.), representing a class of pharmacies in a Telephone Consumer Protection Act ("TCPA") litigation resulting in a $17 million settlement; *ARcare, Inc. v. Qiagen North America Holdings, Inc., et al.*, Case No. 43CV-17-46 (Judge Sandy Huckabee, Lonoke Co. Cir. Ct.), representing a class of pharmacies in a TCPA litigation resulting in a $15.5 million settlement; Mr. Pulliam has been co-lead counsel in; *Kardonick v. JPMorgan Chase & Co.*, S.D. Florida, $20 million; *Esslinger v. HSBC Bank Nevada*, E.D. Pennsylvania, $23.5 million; *In re Discover Credit Card Payment Protection*, N.D. Illinois, $10.5 million; *In re Bank of America Credit Protection Marketing & Sales Practices Litig.*, N.D. California, $20 million; *Spinelli v. Capital One*; M.D. Florida; more than $100 million.  Mr. Pulliam represented the State of New Mexico in a series of lawsuits that each favorably resolved asserting causes of actions for violations of the Dodd-Frank Act and state law against seven of the largest financial institutions in the world.

### C. Proposed Interim Co-Lead and Liaison Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class.

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C).  Here, Proposed Co-Lead and Liaison Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country.  Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members.  In fact, Proposed Co-Lead and Liaison Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal.  They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. Bleichner Decl., ¶¶ 8-9.  And,

as their firm résumés and counsels' experience indicate, Proposed Co-Lead and Liaison Counsel have the resources to see this litigation through to its conclusion, including trial. *Id.*, ¶¶ 13-15.

### D. Other Factors Support Designating Proposed Interim Co-Lead and Liaison Counsel.

Notably, this proposed leadership structure has the support of all Plaintiffs and firms involved in the cases currently filed in this litigation. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); *Moehrl*, 2020 WL 5260511, at *2 ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation* § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), § 10.272 (describing "private ordering" approach).

Indeed, Proposed Co-Lead and Liaison Counsel moved quickly to coordinate the proposed leadership structure due to the egregious nature of Defendant's alleged unlawful conduct and likelihood of imminent further harms to Plaintiffs and the class members. *See* Bleichner Decl., ¶ 6. Proposed Co-Lead and Liaison Counsel seek this leadership structure to best serve the interests of the class in the most efficient manner possible. *Id*.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation

places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines, *supra*, at 43. Selecting lawyers who have previously worked together has many benefits. They have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.*

Nowhere could these sentiments be truer than among the counsel proposed for Proposed Co-Lead and Liaison Counsel. Each respective law firm has worked in the data breach space together. For instance, just last week, counsel from Chestnut Cambronne PA and Mason LLP jointly filed for leadership positions in *Anderson v. Fortra*, Case No. 23-cv-00533, ECF No. 34 (D. Minn.).

Importantly, Co-Lead and Liaison Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. *Id*., ¶ 10. They all understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so. *Id*.

While Proposed Co-Lead and Liaison Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use its members' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing. *Id.*, ¶ 11. If appointed, Proposed Co-Lead and Liaison Counsel will establish a protocol for regular time and expense reporting to monitor and manage the efficient prosecution of this action. *Id.*

### III. CONCLUSION

For all these reasons, Plaintiffs respectfully request the Court appoint Bryan L. Bleichner (Chestnut Cambronne PA) and Danielle L. Perry (Mason LLP) as Interim Co-Lead Class Counsel and Randall K. Pulliam as Liaison Counsel.

Respectfully submitted,

Dated: April 19, 2023

Josh Sanford
Ark. Bar No. 2001037
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre, Pkwy., Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 787-2040
josh@sanfordlawfirm.com

Bryan L. Bleichner (*PHV* granted)
Philip J. Krzeski (*PHV* granted)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Danielle L. Perry (*pro hac vice* forthcoming)
Gary E. Mason (*pro hac vice* forthcoming)
Lisa A. White (*pro hac vice* forthcoming)
**MASON LLP**

16

5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
dperry@masonllp.com
gmason@masonllp.com
lwhite@masonllp.com

*Proposed Interim Co-Lead Class Counsel*

Randall K. Pulliam (AR Bar 981105)
Courtney E. Ross (AR Bar 2021156)
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th St.
Little Rock, AR 72201
Telephone: 501-312-8500
Fax: 501-312-8505
rpulliam@cbplaw.com
cross@cbplaw.com

*Proposed Interim Liaison Counsel*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

Breean Walas (AR Bar No. 2006077)
**WALAS LAW FIRM**
711 W. 3rd Street
Little Rock, AR 72201
*breean@walaslawfirm.com*
Tel: (501) 246-1067

Thiago Coelho (*pro hac vice* forthcoming)
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
T: (213) 381-9988
F: (213) 381-9989
thiago@wilshirelawfirm.com

Christopher D. Jennings
**JOHNSON FIRM**

17

610 President Clinton Ave.
Suite 300
Little Rock, AR 72201
Tel: (501) 372-1300
chris@yourattorney.com

Gary F. Lynch (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@lcllp.com

Joseph Gates (AR Bar 2010239)
**GATES LAW FIRM**
2725 Cantrell Rd., Ste. 105
Little Rock, Arkansas 722202
Phone: (501) 779-8091
Fax: (479) 269-9788
Gates@gateslawpllc.com

Raina Borelli (*pro hac vice* forthcoming)
**TURKE & STRAUS LLP**
613 Williamson St., St., Ste. 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
rborelli@turkestrauss.com