**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | |
|---|---|
| DAVID RODRIGUEZ, *et al.*, | Case No. 2:23-cv-2002 |
| Plaintiffs, | |
| v. | Judge: Hon. P.K. Holmes, Jr. |
| MENA HOSPITAL COMMISSION d/b/a MENA REGIONAL HEALTH SYSTEM, | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ..................................................................................................................ii

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT................................................................................................................. 1

    A.   Count I: Failure to State a Claim for Negligence ....................................................... 1

        i.    Plaintiffs fail to allege facts showing how Mena has breached
any duty owed to them...................................................................................... 1

        ii.   Plaintiffs fail to allege actual and cognizable damages ................................... 3

    B.   Count II: Failure to State a Claim for Breach of Implied Contract ........................... 4

    C.   Count V: Failure to State a Claim for Invasion of Privacy....................................... 5

    D.   Count VII: Failure to State a Claim for a Violation of the SCA............................... 5

        i.    Mena does not provide an electronic communication service
under the SCA................................................................................................... 6

        ii.   Plaintiffs fail to allege that Mena knowingly or intentionally
divulged their PII .............................................................................................. 7

III. CONCLUSION............................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Verizon Wireless Serv's, L.L.C.*,
   875 F.3d 243 (5th Cir. 2017) ...............................................................................................7

*Antman v. Uber Techns., Inc.*,
   No. 15-cv-01175-LB, 2018 WL 2151231 (N.D. Cal. May 10, 2018) ....................................5

*Crowley v. CyberSource Corp.*,
   166 F. Supp. 2d 1263 (N.D. Cal. 2001) ...............................................................................7

*Fergus & Wheeler Land, Lumber & Handle Co. v. Good*,
   165 S.W. 628 (Ark. 1914)....................................................................................................3

*In re Jetblue Airways Corp. Priv. Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) .................................................................................6

*Long v. Insight Commc'ns of Cent. Ohio, LLC*,
   804 F.3d 791 (6th Cir. 2015) ...............................................................................................7

*McGarry v. Delta Air Lines, Inc.*,
   CV 18-9827-MWF, 2019 WL 2558199 (C.D. Cal. Jun. 18, 2019) .........................................8

*Pica v. Delta Air Lines, Inc.*,
   No. CV 18-2876-MWF, 2019 WL 1598761 (C.D. Cal. Feb. 14, 2019) ..................................6

*Purvis v. Aveanna Healthcare, LLC*,
   563 F. Supp. 3d 1360 (N.D. Ga. 2021) ................................................................................5

*Ramirez v. Paradies Shops, LLC*,
   69 F.4th 1213 (11th Cir. Jun. 5, 2023)..............................................................................4, 5

*Smith v. Johnson*,
   779 F.3d 867 (8th Cir. 2015) ...............................................................................................5

*In re Waste Mgmt. Data Breach Litig.*,
   No. 21cv6147 (DLC), 2022 WL 561734 (S.D.N.Y. Feb. 24, 2022) .......................................2

*Willingham v. Global Payments, Inc.*,
   No. 1:12–CV–01157–RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013) ................................8

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
   No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ................................8

*Yancy v. Hunt*,
    547 S.W.3d 116 (Ark. Ct. App. 2018) ....................................................................................4

**Rules**

Fed. R. Civ. 8 ................................................................................................................................2

## I. INTRODUCTION

Plaintiffs, Opposition to Defendant's Motion to Dismiss ("Opposition") relies almost entirely on misconstrued case law in an attempt to salvage their factually deficient Complaint. Mena maintains that all of Plaintiffs' claims continue to fail as a matter of law, but this Reply will focus on certain points raised by Plaintiffs in their Opposition that require response. Specifically, Mena replies to points raised in Plaintiffs' Opposition regarding: Count I for negligence; Count II for breach of implied contract; Count V for invasion of privacy; and Count VII for a violation of the SCA. In defense of these claims, Plaintiffs have either encouraged this Court to utilize outdated or inapplicable standards of law when analyzing the points at issue, or have otherwise failed to plausibly allege facts supporting these claims. Mena also continues to rely on the arguments made in its Motion to Dismiss.

## II. ARGUMENT

### A. Count I: Failure to State a Claim for Negligence

Count I, Plaintiffs' Negligence claim, fails because Plaintiffs do not allege facts showing that Mena has breached any duty and because they have failed to plead damages that are actual and cognizable. Each shall be addressed in turn.

    i. <u>Plaintiffs fail to allege facts showing how Mena has breached any duty owed to them</u>.

Plaintiffs mischaracterize the arguments raised by Mena in its Motion to Dismiss and otherwise fail to allege facts that demonstrate how Mena has breached the purported duty that they claim exists. Accordingly, Plaintiffs' claim for negligence fails because they have not established the duty element of their claim.

While Mena asserts both that it does not owe a duty to protect Plaintiffs from the criminal acts of third parties, it also asserts that Plaintiffs have "fail[ed] to allege with specificity how or why Mena has breached whatever purported duty they believe to exist" and that Plaintiffs have

1

otherwise "fail[ed] to cite any factual basis for their conclusion" that Mena's security practices were deficient. (Mot. Dismiss, p. 6.) Plaintiffs response is that Fed. R. Civ. 8 "does not require [them] to plead their claims with 'specificity' as to every factual issue . . . at this stage" (Opp., p. 7). But courts in the cyberattack context have held otherwise. *See, e.g.*, *In re Waste Mgmt. Data Breach Litig.*, No. 21cv6147 (DLC), 2022 WL 561734, at *5 (S.D.N.Y. Feb. 24, 2022) (dismissing plaintiffs' negligence claim for failing to plead facts "regarding any specific measures that [defendant] did or didn't take[.]").

In *Waste Management*, plaintiff-employees brought an action against a defendant-employer after the defendant's computer systems fell victim to a data breach. *Id.* at *1. Like the Plaintiffs here, the *Waste Management* plaintiffs brought a claim for negligence against the defendant and alleged that defendant breached a duty of care by failing to protect their PII and by otherwise failing to maintain adequate computer safety measures. *Id.* at *4-5. Rejecting this contention, the court dismissed plaintiffs' negligence claim, finding that "[w]ithout a plausible allegation that [defendant] failed to take reasonable measures to protect [plaintiffs'] PII, the [complaint] effectively seeks to hold [defendant] liable for the fact of the data breach alone." *Id.* at *5 (emphasis added). "The plaintiffs must therefore plausibly allege not only that there was a data breach, but that the data breach was caused by [defendant's] unreasonable conduct." *Id.*

Plaintiffs' negligence claim is not a strict liability tort, and Mena's supposed breach of a duty is not alleged – let alone established – by the fact of the Cyberattack alone. Plaintiffs' Complaint is devoid of any facts that establish how Mena has failed or may have failed to comply with industry protocol and further fails to identify what safety measures may even be at issue. Instead, Plaintiffs are asking this Court to presume negligence in light of the Cyberattack's occurrence – a request that runs afoul of federal pleading standards. Plaintiffs must plausibly

allege, with facts, how Mena breached its purported duty to protect their information from third-party criminals. They have not carried this burden. Accordingly, their claim for negligence must be dismissed.

    ii. <u>Plaintiffs fail to allege actual and cognizable damages</u>.

Plaintiffs contend that they are "entitled to recover damages that may be reasonably anticipated and that are the natural consequence of the injury received." (Opp., p. 10 (internal citations and quotations omitted)). In support of this contention, Plaintiffs rely on one personal injury case in which the Arkansas Supreme Court analyzed the notion of damages within the context of a jury instruction dispute. *Fergus & Wheeler Land, Lumber & Handle Co. v. Good*, 165 S.W. 628, 631 (Ark. 1914). This case is not analogous to the case at hand.

According to Plaintiffs, their injuries can be broken up into the following "categories" of damages:

  (1) the certainly impending and increased risk of identity theft and fraud;

  (2) lost time and expenses mitigating the effects of the Data Breach;

  (3) diminished value of their Private Information; and

  (4) lost benefits of their bargains.

(Opp., p. 10.) But Plaintiffs: (1) do not claim to have suffered from *actual* identity theft or fraud, nor do they allege any damages stemming from any purported fraud; (2) do not allege how much time or what expenses were utilized when mitigating the alleged effects of the Cyberattack; (3) do not allege what the value of their PII may have been *before* the Cyberattack and what their PII's value may be *after* the Cyberattack; and (4) do not identify what "benefits" of a bargain they may have lost. In effect, Plaintiffs ask this Court to nudge their speculative injuries over the line from theoretical, to actual, without any other factual support that is not otherwise rooted in speculation.

In sum, Plaintiffs fail to allege the damages element of their negligence claim because they

fail to allege actual, present damages. Arkansas law rejects the notion of speculative damages when pleading a claim for negligence, much like the damages pled by Plaintiffs, and thus, their negligence claim must be dismissed.

### B. Count II: Failure to State a Claim for Breach of Implied Contract

Plaintiffs' breach of implied contract claim fails because they have not alleged adequate consideration, mutual assent, or damages. (Mot. Dismiss, pp. 11-13.) For purposes of this Reply, however, Mena specifically highlight Plaintiffs' failure to respond to Mena's argument pertaining to mutual assent.

In its Motion, Mena underscored Plaintiffs' failure to allege when the parties mutually assented to the specific terms of the purported contract that they claim exists. (*Id.* at pp. 12-13.) Plaintiffs' Opposition fails to respond to Mena's mutual assent argument. (*See* Opp., pp. 16-17.) Tellingly, Plaintiffs do not cite to even one allegation contained in their Complaint that would support the existence of mutual assent. (*See id.*) In fact, Plaintiffs' response to Mena's mutual assent challenge can be distilled down to Plaintiffs requesting this Court to presume the existence of mutual assent (without any factual support) and they utilize one out-of-jurisdiction case in support of this request. (*Id.*) While Plaintiffs may lament the importance of alleging mutual assent when pleading a claim for breach of implied contract, "if there is no meeting of the minds, there is no contract." *Yancy v. Hunt*, 547 S.W.3d 116, 121 (Ark. Ct. App. 2018).

Recently, when rejecting a claim for breach of implied contract within the cyberattack context, the Eleventh Circuit held: "Notwithstanding the bare assertion that [defendant] agreed to safeguard [plaintiff's] PII by implied contract . . . [plaintiff] failed to allege any facts from which we could infer [that defendant] agreed to be bound by any data retention or protection policy." *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213, 1221 (11th Cir. Jun. 5, 2023). Absent those alleged facts, the *Ramirez* plaintiff "provide[d] only labels and conclusions insufficient to plead a

4

breach of implied contract." *Id.* Other courts have reached similar conclusions. *See, e.g.*, *Antman v. Uber Techns., Inc.*, No. 15-cv-01175-LB, 2018 WL 2151231, at *12 (N.D. Cal. May 10, 2018) ("[Plaintiffs] plead no facts about the existence of an implied contract, such as mutual assent[.]") The same is true here. In fact, Plaintiffs do not even allege labels or conclusions. Plaintiffs thus fail to allege that the parties reached a meeting of the minds and Count II must be dismissed.

### C. Count V: Failure to State a Claim for Invasion of Privacy

Plaintiffs fail to address that their claim for invasion of privacy contradicts the overall narrative of their Complaint. (Opp., pp. 20-22.) In effect, Plaintiffs are asking this Court to accept that Mena has acted both negligently and intentionally in its alleged failure to secure their PII. *See Smith v. Johnson*, 779 F.3d 867, 871 (8th Cir. 2015) ("The theories of negligence and intentional tort are contradictory and mutually exclusive.") (internal quotations and citations omitted).

Plaintiffs cite no cases applying Arkansas law to refute Mena' arguments. Plaintiffs ignore that the Eighth Circuit has expressly found that "there is generally no claim of negligence that flows from intentionally tortious conduct." *Smith*, 779 F.3d at 871. Thus, the inverse is also true: there cannot be a claim for an intentional tort flowing from negligent conduct. *See, e.g., Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360, 1377-78 (N.D. Ga. 2021) ("Aside from conclusory allegations that Defendant 'intentionally fail[ed]' to keep Plaintiffs' sensitive information safe and 'intentionally misused[ed] and/or disclos[ed] said information to unauthorized parties for unauthorized use[,]' Plaintiffs have not plausibly alleged any facts indicating that Defendant . . . actively participated in the alleged intrusion into Plaintiffs' affairs."). Plaintiffs attempt to characterize Mena's conduct as both intentional and negligent within the same breath fails to meet the requisite pleading standards and their claim must be dismissed.

### D. Count VII: Failure to State a Claim for a Violation of the SCA

Instead of acknowledging the SCA's inapplicability to the case and facts at hand, Plaintiffs

5

have opted to double-down on this cause of action. Their attempts at defending this claim are misguided, disingenuous, and misrepresent the true nature of what a SCA violation entails.

      i. <u>Mena does not provide an electronic communication service under the SCA</u>.

Plaintiffs criticize Mena for offering "no authority or legal support" holding that a hospital or healthcare provider "cannot and never will be" a qualified entity for purposes of pleading an SCA violation. But courts distinguishing the types of entities that do qualify as electronic communication service ("ECS") providers – or more importantly, which do not – provide sufficient benchmarks that establish why Mena is not an ECS provider.

In short, Plaintiffs contend that Mena is an ECS provider because: (1) of its "use of data servers and other computer equipment"; and (2) because Mena "stores its patients' [PII] and utilizes such information to provide services." (Opp., p. 25.) When confronted with similar allegations, albeit in the airline industry, the Eastern District of New York rejected an SCA violation claim in a data breach class action, finding that:

> Although JetBlue operates a website that receives and transmits data to and from its customers, it is undisputed that it is not the provider of the electronic communication service that allows such data to be transmitted over the Internet. Rather, JetBlue is more appropriately characterized as a provider of air travel services and a consumer of electronic communication services. The website that it operates, like a telephone, enables the company to communicate with its customers in the regular course of business. Mere operation of the website, however, does not transform JetBlue into a provider of internet access, just as the use of a telephone to accept telephone reservations does not transform the company into a provider of telephone service. Thus, a company such as JetBlue does not become an "electronic communication service" provider simply because it maintains a website that allows for the transmission of electronic communications between itself and its customers.

*In re Jetblue Airways Corp. Priv. Litig.*, 379 F. Supp. 2d 299, 307 (E.D.N.Y. 2005); *see Pica v. Delta Air Lines, Inc.*, No. CV 18-2876-MWF, 2019 WL 1598761 (C.D. Cal. Feb. 14, 2019). Similarly, the Northern District of California held that the online merchant Amazon was not an electronic communication service provider, despite the fact that Amazon maintains a website and

receives electronic communications containing customer PII in connection with the purchasing of goods. *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1270-72 (N.D. Cal. 2001).

Just as JetBlue uses its computer systems and website to service its customers within the airline industry, or how Amazon uses its website to facilitate the purchasing of goods within the merchant industry, Mena utilizes its computer system and stores its patients' PII in order to provide healthcare services within the medical industry. Merely storing patient PII or using computers/servers does not make Mena an ECS provider. The SCA was clearly enacted to address companies that engage in the *communications* industry, which is a premise that case law from around the country supports. Plaintiffs' attempt to characterize Mena as an ECS provider is akin to 'fitting a square-peg into a round-hole.' Mena is not a provider of electronic services, and thus, Plaintiffs SCA violation claim must be dismissed.

ii. Plaintiffs fail to allege that Mena knowingly or intentionally divulged their PII.

Because the SCA does not define "knowingly" or "intentionally," Plaintiffs attempt to have this Court adopt self-serving definitions by utilizing cases – as well as a misguided narrative – that in no way pertain to the SCA within the data breach context. (*See* Opp., pp. 26-27.) Although the Eighth Circuit has yet to address this inquiry, other federal circuit courts have defined "knowingly" and "intentionally" within the context of the SCA. *See Alexander v. Verizon Wireless Serv.'s, L.L.C.*, 875 F.3d 243, 256 (5th Cir. 2017) ("Thus, with respect to the SCA, a provider acts 'knowingly' if it has knowledge of the factual circumstances . . . that constitute the alleged offense and 'intentionally' if its acts are not inadvertent."); *see also Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 797-98 (6th Cir. 2015) (concluding that Time Warner Cable's mistaken disclosure of an IP address was not a violation of the SCA because "negligently or recklessly failing to ensure the accuracy of the information that [Time Warner Cable] disclosed" did not

constitute "knowingly divulg[ing] this information" within the meaning of the SCA).

Other plaintiffs attempting to assert a claim for a violation of the SCA within the data breach context have likewise failed because of their inability to establish that a defendant has acted "knowingly" or "intentionally" when falling victim to a cyberattack. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *41-42 (N.D. Cal. Aug. 30, 2017). In *Yahoo!*, plaintiffs filed suit after the website and email providing-platform fell victim to multiple cyberattacks. *Id.* at *2-*3. The *Yahoo!* plaintiffs, much like Plaintiffs here, raised a claim for a violation of the SCA, alleging that the defendant knowingly divulged private information "'[b]y failing to take commercially reasonable steps to safeguard'" their information. *Id.* at *42. Rejecting this argument, the court dismissed the plaintiffs' SCA claim, holding that "without more . . . [plaintiffs] do[] not establish that Defendants 'diviluge[d]' Plaintiffs' PII and did so with a knowing state of mind." *Id.* Other courts have dismissed SCA claims for similar reasons within the data breach context. *See McGarry v. Delta Air Lines, Inc.*, CV 18-9827-MWF, 2019 WL 2558199, at *8 (C.D. Cal. Jun. 18, 2019) ("[P]laintiffs cannot state a claim under [the SCA] simply because a defendant, like here, failed to prevent a data breach."); *see also Willingham v. Global Payments, Inc.*, No. 1:12–CV–01157–RWS, 2013 WL 440702, at *12 (N.D. Ga. Feb. 5, 2013) (concluding that, even where defendant "created or contributed to the breach of its data system," such conduct did not constitute "knowingly divulg[ing]" information under the SCA).

As the aforementioned case law demonstrates, Plaintiffs' contention that Mena has acted intentionally or knowingly by "not taking commercially reasonable measures to protect confidential information" is a position routinely rejected by courts. Plaintiffs have not alleged facts demonstrating that Mena acted knowingly or intentionally by falling victim to a cyberattack. In addition, Plaintiffs also fail to cite to any case law in which courts have allowed an SCA claim

to survive within the cyberattack or data breach context.

### III. CONCLUSION

For the foregoing reasons, Mena respectfully requests that the Court grant the Motion to Dismiss in its entirety and dismiss Plaintiffs' Complaint.

Dated: July 13, 2023                              Respectfully submitted,

                                            **McDonald Hopkins PLC**

By:   */s/ Timothy J. Lowe*
       Timothy J. Lowe (P68669)
       39533 Woodward Avenue, Suite 318
       Bloomfield Hills, MI 48304
       (248) 220-1352
       tlowe@mcdonaldhopkins.com

       Patrick McDaniel Ark. Bar No. 97133
       ATTORNEY AT LAW, P.A.
       311 DeQueen St.
       Mena, AK 71953
       t: 479.394.3091 | f 479.394.3092
       patrick@arklawyer.com

       *Attorneys for Defendant Mena Regional Health System*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023 I electronically filed the foregoing document using the electronic filing system, which will send notification of such filing to all attorneys of record.

Dated: July 13, 2023　　　　　　　　　Respectfully submitted,

**McDonald Hopkins PLC**

By:　　_/s/ Timothy J. Lowe_
　　　　Timothy J. Lowe (P68669)
　　　　39533 Woodward Avenue, Suite 318
　　　　Bloomfield Hills, MI 48304
　　　　(248) 220-1352
　　　　tlowe@mcdonaldhopkins.com

　　　　Patrick McDaniel Ark. Bar No. 97133
　　　　ATTORNEY AT LAW, P.A.
　　　　311 DeQueen St.
　　　　Mena, AK 71953
　　　　t: 479.394.3091 | f 479.394.3092
　　　　patrick@arklawyer.com

　　　　*Attorneys for Defendant Mena Regional Health System*