IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| DAVID RODRIGUEZ, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>MENA HOSPITAL COMMISSION d/b/a<br>MENA REGIONAL HEALTH SYSTEM,<br><br>        Defendant. | Case No.: 2:23-cv-2002-PKH<br><br>Hon. P.K. Holmes, III |

**DECLARATION OF DANIELLE L. PERRY
IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Danielle L. Perry, being competent to testify, make the following declaration:

1. I am currently a partner of the law firm Mason LLP. I am one of the lead attorneys for Plaintiffs and seek appointment as Class Counsel for the proposed Settlement Class. I submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this Declaration, and could testify competently to them if called upon to do so. A true and correct copy of the Settlement Agreement ("Agreement") is attached hereto as **Exhibit 1**. Included with the Agreement are the following Sub-Exhibits:

    **Exhibit A:**    **Claim Form**

    **Exhibit B:**    **Long Form Notice**

    **Exhibit C:**    **Short Form Notice**

    **Exhibit D:**    **Proposed Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement**

2. Proposed Class Counsel, Bryan L. Bleichner of Chestnut Cambronne PA and Danielle L. Perry of Mason LLP, have extensive experience prosecuting complex class actions. Proposed Class Counsel's experience, and that of their respective firms, is described in detail in their respective firm resumes, attached as **Exhibits 2-3**.

3. My years of experience representing individuals in complex class actions—including data breach actions—contributed to an awareness of Plaintiffs' settlement leverage, as well as the needs of Plaintiffs and the proposed Settlement Class. I believe that our clients would ultimately prevail in the litigation on a class-wide basis. However, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals. It is my individual opinion, and that of the other proposed Class Counsel, based on our substantial experience and after significant internal investigations, the settlement provides fair and significant relief to the Members of the Class and warrants the Court's preliminary approval.

### Initial Investigation and Communications

4. Plaintiffs allege that on or about October 30, 2021, an unauthorized third party gained access to Defendant's computer systems and exfiltrated information stored on the Defendant's computer systems. Defendant discovered the Data Incident on or about November 8, 2022, and approximates that 42,000 individuals were impacted by the Data Incident.

5. Plaintiffs allege Defendant failed to properly safeguard the information of over 42,000 individuals. The information allegedly accessed by the unauthorized actor contained personally identifiable information, including, but not limited to, full names, dates of birth, social security number, driver's license/government identification number, financial account information, medical record/patient numbers, medical diagnosis/treatment information, medical

provider names, lab results, prescription information, and health insurance information ("Private Information"). Because of the Data Incident, Plaintiffs and Class Members claim they suffered ascertainable losses and harm in the form of invasion of privacy, the loss of the benefit of their bargain, out-of-pocket expenses, the value of their time reasonably incurred to remedy or mitigate the effects of the attack, emotional distress, and the imminent risk of future harm caused by the compromise of their sensitive Private Information.

## PROCEDURAL POSTURE

6. Plaintiffs each received a notice from Defendant that they were victims of the Data Incident in November 2022 (the "Notice of Data Breach"), and each decided to file their respective class actions in the months that followed: *Smith v. Mena Reg'l Health Sys.*, No. 2:23-cv-2023-PKH (W.D. Ark. filed Dec. 23, 2022, removed Feb. 10, 2023); *Rodriguez v. Mena Hosp. Comm'n d/b/a Mena Reg'l Health Sys.*, No. 2:23-cv-2002-PKH (W.D. Ark. filed Jan. 6, 2023); *Smedley v. Mena Hosp. Comm'n d/b/a Mena Reg'l Health Sys.*, No. 2:23-cv-2021-PKH (W.D. Ark. filed Feb. 7, 2023); *Schoolfield v. Mena Hosp. Comm'n d/b/a Mena Reg'l Health Sys.*, No. 2:23-cv-2031-PKH (W.D. Ark. filed Feb. 1, 2023, removed Mar. 8, 2023; and *Cant v. Mena Hosp. Comm'n d/b/a Mena Reg'l Health Sys. and John Doe Ins. Carrier*, No. 2:23-cv-2027-PKH (W.D. Ark. filed Feb. 15, 2023, removed Feb. 15, 2023). On Apr. 20, 2024, the Court entered an order consolidating the related actions in the *Rodriguez* matter and appointing Bryan L. Bleichner of Chestnut Cambronne PA and Danielle L. Perry of Mason LLP as Interim Co-Lead Class Counsel and Randy K. Pulliam as Liaison Counsel.

7. In the current operative Consolidated Amended Complaint ("CAC"), filed May 22, 2023, Plaintiffs alleged individually and on behalf of the Class that, as a direct result of the Data Incident, Plaintiffs and Class Members have suffered numerous actual and imminent injuries,

including invasion of privacy, the loss of the benefit of their bargain, out-of-pocket expenses, and the value of their time reasonably incurred to remedy or mitigate the effects of the attack. Doc. 45, at ¶¶ 1-4. Plaintiffs, individually and on behalf of other members of the Class, asserted claims for Negligence (Count I), Breach of Implied Contract (Count II), Breach of Fiduciary Duty (Count III), Unjust Enrichment (Count IV), Invasion of Privacy (Count V), Declaratory Judgment (Count VI), and Violation of Stored Communications Act, 18 U.S.C. § 2701, et seq. (Count VII). The Court granted in part and denied in part Defendant's Motion to Dismiss on November 1, 2023.

## THE CLASS SETTLEMENT

### *History of Negotiations*

8. On April 26, 2024, following Defendant's production of informal discovery to Plaintiffs, the Parties attended a mediation conducted by Bennett G. Picker, *Esq*. of Stradley Ronon.

9. Mr. Picker is a well-regarded mediator with substantial experience handling data breach class action mediations.

10. The parties reached a settlement in principle through mediation with Mr. Picker.

11. Over the following months, the Parties diligently negotiated final terms, drafted, and finalized the Settlement Agreement along with the corresponding exhibits.

12. It is my opinion, and the opinion of the other proposed Settlement Class Counsel, based on our experience and investigation, that the Settlement Agreement presents a favorable result for the Class.

### *The Settlement Benefits & Administration*

13. It is my opinion, and the opinion of the other proposed Settlement Class Counsel, based on our experience and investigation, that the Settlement Agreement presents a favorable result for the Class.

14. The timing of the Claims Process is structured to ensure that all Class Members have adequate time to review the terms of the Settlement Agreement, compile documents supporting their claim, and decide whether they would like to opt-out or object.

15. Similar to the timing of the Claims Process, the timing with regard to objections and requests for exclusion is structured to give Settlement Class Members sufficient time to access and review the Settlement documents.

16. The Settlement Agreement calls for a reasonable service award to be sought for Plaintiffs in the amount of $2,000 per Plaintiff. The Service Award is meant to compensate Plaintiffs for their efforts on behalf of the Settlement Class, including maintaining contact with counsel, assisting in the investigation of the case, remaining available for consultation throughout the mediation, reviewing the material terms of the Settlement Agreement, and answering counsel's many questions.

17. After agreeing to the terms of the Settlement on behalf of the Class, counsel for Plaintiffs negotiated their fees and costs separate from the benefit to Class Members, in the amount of $166,666.67 for fees and litigation expenses not to exceed $25,000.00, subject to Court approval.

18. Class Counsel will submit a separate Motion seeking Attorneys' Fees, Costs, and Plaintiffs' Service Awards prior to filing the Motion for Final Approval of Class Action

Settlement, and prior to Settlement Class Members' deadline to exclude themselves from or object to the Settlement Agreement.

19. Proposed Class Counsel have vigorously pursued the interests of the Class in securing a Settlement that brings immediate benefits to Class Members while avoiding the risks of continued litigation. In doing so, we leaned on their extensive experience in hospital data breach litigation, their detailed investigation of this particular matter, and informal discovery exchanged during the course of their negotiations.

20. The Notices are clear and straightforward. They define the Class; clearly describe the options available to Class Members and the deadlines for taking action; describe the essential terms of the Settlement; disclose the requested service award for the Class Representatives as well as the amount that proposed Settlement Class Counsel intends to seek in fees and costs; explain procedures for making claims, objections, or requesting exclusion; provide information that will enable Settlement Class Members to calculate their individual recovery; describe the date, time, and place of the Final Fairness Hearing; and prominently display the address and phone number of Class Counsel.

21. The Notice is designed to be the best practicable under the circumstances, apprises Settlement Class Members of the pendency of the action, and gives them an opportunity to object or exclude themselves from the Settlement.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

I declare under penalty of perjury of the laws of the State of Arkansas and the United States that the foregoing is true and correct, and that this declaration was executed in Davidsonville, MD on this 17th day of June 2024.

/s/ *Danielle L. Perry*
Danielle L. Perry (*admitted pro hac vice*)
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, D.C. 20015
Phone: (202) 429-2290
dperry@masonllp.com

*Attorney for Plaintiffs and the Class*

7