# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | |
|---|---|
| **David Rodriguez, et al.,** | Case No.: 2:23-cv-2002 |
| **Plaintiffs,** | Hon. P.K. Holmes, III |
| **v.** | |
| **Mena Hospital Commission d/b/a Mena Regional Health System,** | |
| **Defendant.** | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the following Settling Parties (as defined below): Plaintiffs David Rodriguez, Carl Schoolfield, Tananda Smith, individually and on behalf of her minor children A.S. and K.S., Jessica Smedley, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant (collectively, "Plaintiffs") and Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Defendant" or "Mena" and, together with Plaintiffs, the "Parties" or "Settling Parties"). The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to resolve, discharge, and settle the Released Claims and this Litigation (as defined below), upon and subject to the terms and conditions set forth below.

**I.      INTRODUCTION**

This is a nationwide consumer class action brought by Plaintiffs on behalf of themselves and a class of "[a]ll United States residents whose Private Information was actually or potentially accessed or acquired during the Data Breach event that is the subject of the Breach Notice that Mena published to Plaintiffs and other Class Members on or around November 22, 2022 (the

1

'Class' or 'Class Members')."

This class action arises out of the targeted cyberattack on Defendant's network that Plaintiffs allege resulted in unauthorized access to the sensitive data of Defendant's employees and patients (the "Data Incident"). Specifically, Plaintiffs allege that on or about October 30, 2021, an unauthorized third party gained access to Defendant's computer systems and exfiltrated information stored on the Defendant's computer systems. Defendant discovered the Data Incident on or about November 8, 2022, and approximates that 42,000 individuals were impacted by the Data Incident. Plaintiffs allege Defendant failed to properly safeguard the information of over 42,000 individuals. The information allegedly accessed by the unauthorized actor contained personally identifiable information, including, but not limited to, full names, dates of birth, social security number, driver's license/government identification number, financial account information, medical record/patient numbers, medical diagnosis/treatment information, medical provider names, lab results, prescription information, and health insurance information ("Private Information"). Because of the Data Incident, Plaintiffs and Class Members claim they suffered ascertainable losses and harm in the form of invasion of privacy, the loss of the benefit of their bargain, out-of-pocket expenses, the value of their time reasonably incurred to remedy or mitigate the effects of the attack, emotional distress, and the imminent risk of future harm caused by the compromise of their sensitive Private Information.

Plaintiffs each received a notice from Defendant that they were victims of the Data Incident in November 2022 (the "Notice of Data Breach"), and each decided to file their respective class actions in the months that followed: *Tananda Smith, et al., v. Mena Regional Health System,* Case No. 2:23-cv-2023-PKH filed on December 23, 2022, removed February 10, 2023; *David Rodriguez v. Mena Hospital Commission d/b/a Mena Regional Health System,* Case No. 2:23-cv-

2002-PKH filed on January 6, 2023; *Jessica Smedley, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System,* Case No. 2:23-cv-2021-PKH filed on February 7, 2023; *Carl Schoolfield v. Mena Hospital Commission d/b/a Mena Regional Health System*, Case No. 2:23-cv-2031-PKH filed on February 1, 2023, removed March 8, 2023; and *Chris Cant, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System and John Doe Insurance Carrier,* Case No. 22:3-cv-2027-PKH filed on February 15, 2023, removed February 15, 2023.  On April 20, 2024, the Court entered an order consolidating the related actions in the *Rodriguez* matter and appointing Bryan L. Bleichner of Chestnut Cambronne PA and Danielle Perry of Mason LLP as Interim Co-Lead Class Counsel and Randy K. Pulliam as Liaison Counsel.

In the current operative Consolidated Amended Complaint ("CAC"), filed May 22, 2023, Plaintiffs alleged individually and on behalf of the Class that, as a direct result of the Data Incident, Plaintiffs and Class Members have suffered numerous actual and imminent injuries, including invasion of privacy, the loss of the benefit of their bargain, out-of-pocket expenses, and the value of their time reasonably incurred to remedy or mitigate the effects of the attack. Doc. 45, at ¶¶ 1-4. Plaintiffs, individually and on behalf of other members of the Class, asserted claims for Negligence (Count I), Breach of Implied Contract (Count II), Breach of Fiduciary Duty (Count III), Unjust Enrichment (Count IV), Invasion of Privacy (Count V), Declaratory Judgment (Count VI), and Violation of Stored Communications Act, 18 U.S.C. § 2701, *et seq*. (Count VII). The Court granted in part and denied in part Defendant's Motion to Dismiss on November 1, 2023.

On April 26, 2024, following Defendant's production of informal discovery to Plaintiffs, the Parties attended a mediation conducted by Bennett G. Picker, *Esq*. Mr. Picker is a well-regarded mediator with substantial experience handling data breach class action mediations. The parties reached a settlement in principle through mediation with Mr. Picker. The agreed resolution

or settlement is memorialized in this Settlement Agreement.

Pursuant to the terms identified below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Persons (as defined below) relating to the Data Incident and this Litigation, by and on behalf of Plaintiffs and Class Members (as defined below).

## II.   PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in their CAC against Defendant, have merit. Plaintiffs and Interim Lead Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant through motion practice, trial, and potential appeals. Plaintiffs and Interim Lead Counsel have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Interim Lead Counsel are highly experienced in class action litigation and, in particular, data breach and privacy litigation, and have previously served as lead counsel in other data breach class actions across the country through final approval. Plaintiffs and Interim Lead Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class Members.

## III.   DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged against it in the CAC. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Nonetheless, Defendant has concluded that further conduct of litigation would be protracted and expensive, and that it is desirable that this matter be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendant has considered the uncertainty and risks inherent in any litigation and in this matter. Defendant has, therefore,

determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Class Members, Proposed Class Counsel, as set forth in the signature block below, and Defendant that, subject to the approval of the Court, the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Class Members, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

1.    **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "**Administration Fees**" shall mean the fees, costs and other expenses incurred for Settlement Administration, as defined below, and includes Costs of Settlement Administration.

1.2    "**Agreement**" or "**Settlement Agreement**" means this agreement.

1.3    "**CAFA Notice**" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, et seq. ("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

1.4    "**Claim Form**" means the form that will be used by Class Members to submit a Settlement Claim to the Settlement Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

5

1.5    "**Claimed Benefit(s)**" means the valid Settlement Claims for (a) Pro-Rata Cash Payment; and/or (b) Out-of-Pocket Expense Claims.

1.6    "**Claims Deadline**" means the postmark and/or online submission deadline for Settlement Claims pursuant to ¶ 2.1, which shall be ninety (90) days after the Notice Date (as defined below). The Claims Deadline shall clearly be set forth in the Order granting Preliminary Approval of the Settlement, as well as in the Notice and on the Claim Form.

1.7    "**Class**" means all natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Incident. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. The Parties shall ask the Court in the Final Approval Order to deem the class definition in Plaintiffs' CAC amended to conform to this definition.

1.8    "**Class Member(s)**" means a Person(s) who falls within the definition of the Class.

1.9    "**Costs of Settlement Administration**" means all actual costs associated with or arising from Settlement Administration.

1.10   "**Court**" means the United States District Court for the Western District of Arkansas, Fort Smith Division.

1.11   "**Data Incident**" means targeted cyberattack on Defendant that resulted in an unauthorized third-party accessing Defendant's network and computer systems and potentially accessing the Private Information of Plaintiffs and the Class Members (as defined below).

1.12    "**Dispute Resolution**" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.13    "**Effective Date**" shall mean the date when the Settlement Agreement becomes Final, which is thirty-one (31) days after the Court's grant of the Final Approval Order assuming no appeals have been filed. If an appeal is filed, the Effective Date will be thirty-one (31) days from when the appeal is decided and a Judgment is entered in this case.

1.2    "**Escrow Account**" means the account with Western Alliance Bank.

1.14    "**Final**" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the Court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Awards made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.15    "**Final Approval Hearing**" means hearing at which the Court will determine whether to finally approve the proposed Settlement including determining whether the settlement benefits, attorneys' fees and expenses, Class Representative Service Awards, and Settlement Administration fees and expenses are fair reasonable and adequate.

1.16    "**Final Approval Order**" is the Order through which the Court grants final approval of this class action Settlement and finds that the Settlement is fair, reasonable, and adequate.

7

1.17    "**Interim Lead Counsel**" and "**Class Counsel**" means Bryan L. Bleichner of Chestnut Cambronne PA and Danielle Perry of Mason LLP.

1.18    "**Liaison Counsel**" means Randy K. Pulliam of Carney Bates & Pulliam, PLLC.

1.19    "**Judgment**" means a judgment rendered by the Court.

1.20    "**Litigation**" means this consolidated case pending in the United States District Court for the Western District of Arkansas against Defendant, Mena Hospital Commission d/b/a Mena Regional Health System, captioned *Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System*, Case No. 2:23-cv-2002.

1.21    "**Long Notice**" means the long-form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.22    "**Notice**" or "**Notice Program**" means the notice that will be issued to the Class regarding this class action settlement including the Short Notice, Long Notice, and Settlement Website.

1.23    "**Notice Date**" means thirty (30) days after the entry of the Preliminary Approval Order, which is the date that Notice will be sent to Class Members.

1.24    "**Objection Date**" means the date by which Class Members must file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and counsel for Defendant their objection to the Settlement. The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be sixty (60) days after the Notice Date.

1.25    "**Opt-Out Date**" means the date by which Class Members must mail to the Settlement Administrator their requests to be excluded from the Class.  The postmark date shall

constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be sixty (60) days after the Notice Date.

1.26    "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.27    "**Plaintiffs**" and "**Class Representatives**" mean Rodriguez, Carl Schoolfield, Tananda Smith, individually and on behalf of her minor children A.S. and K.S., Jessica Smedley, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant.

1.28    "**Preliminary Approval Order**" means the Order preliminarily approving the Settlement Agreement and ordering that Notice be provided to the Class. The Settling Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit D**.

1.29    "**Private Information**" as also defined in the Introduction above means Class Members' full names, dates of birth, social security number, driver's license/government identification number, financial account information, medical record/patient numbers, medical diagnosis/treatment information, medical provider names, lab results, prescription information, and/or health insurance information.

1.30    "**Released Claims**" shall collectively mean any and all past, present, and future claims or causes of action that are asserted, were asserted, or could be asserted, by any Class Member against any of the Released Persons that are based upon or arising out of the alleged Data Incident. Released Claims specifically include, but are not limited to, any causes of action arising

33650641.5

under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; and failure to provide adequate notice pursuant to any breach notification statute or common law duty.  Released Claims include but are not limited to any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, or other legal or equitable relief, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, or direct or derivative. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement, and shall not include the claims of any Person who has timely excluded themselves from the Class.

 1.31 "**Related Entities**" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.32    "**Released Persons**" means Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

1.33    "**Remainder Funds**" means the funds, if any, that remain in the Settlement Fund after settlement payments for all Valid Claims (as defined below). The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing payments has expired will be Remainder Funds. The Remainder Funds will be sent to charitable organization(s) agreed upon by the Parties.

1.34    "**Service Awards**" shall have the meaning ascribed to it as set forth in ¶ 7.3 of this Settlement Agreement. The Service Awards requested in this matter will be no more than $2,000.00 to each Class Representative, subject to court approval and will be in addition to any other Settlement benefits Plaintiffs may receive. The Service Awards shall be paid from the Settlement Fund and the request for Service Awards up to $2,000.00 will be included in the Notice.

1.35    "**Settlement Administration**" means the processing and payment of claims received from Class Members by the Settlement Administrator.

1.36    "**Settlement Administrator**" means Simpluris, Inc. ("Simpluris"), a business experienced in administering class action claims of the type provided for and made in data breach litigation.

1.37    "**Settlement Claim**" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.38    "**Settlement Fund**" means the non-reversionary common settlement fund established by the Settlement Administrator or Class Counsel pursuant to 26 C.F.R. § 1.468B-1 at

33650641.5

Western Alliance Bank, in which Defendant will deposit, or cause to be deposited, $500,000 in settlement funds and from which all monetary compensation to the Settlement Class and certain other expenses shall be paid.

1.39    "**Settlement Website**" is the website that will be devoted to this Settlement, will include important information about the Settlement and will be the following URL: www.menaregionaldatasettlement.com.

1.40    "**Settling Parties**" means, collectively, Defendant and Plaintiffs, individually and on behalf of the Class and all Released Persons.

1.41    "**Short Notice**" means the short-form notice of this proposed class action Settlement, substantially in the form as shown in **Exhibit C** to this Settlement Agreement.  The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary relief.  The Short Notice will also inform Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Approval Hearing.

1.42    "**United States**" as used in this Settlement Agreement means the United States of America and includes all of its States, the District of Columbia, and all territories.

1.43    "**Unknown Claims**" means any of the Released Claims that any Class Member, including any Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Class Members intend to and shall be deemed to have,

and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, (or any similar, comparable, or equivalent provision of any federal, state or foreign law, or principle of common law ). California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and Class Members shall be deemed to have, by operation of the Judgment, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims.  The Settling Parties acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.44   "**Valid Claims**" means Settlement Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## 2.   Settlement Benefits

2.1   Claimed Benefits:  All Class Members shall have the opportunity to submit a Claim Form for certain Claimed Benefits on or before the Claims Deadline.  The Claimed Benefits, as described below, shall include: (a) Pro-Rata Cash Payment; and (b) Out-of-Pocket Expense Claims. Class Members may submit a Claim for any Claimed Benefit for which they qualify and may combine Claims (e.g., a Class Member may be entitled to Claimed Benefits of Pro Rata Cash Payment and/or Out-of-Pocket Expenses).

13

a)   Pro-Rata Cash Payment. After the distribution of Administrative Fees, Service Awards, Out-of-Pocket Expense Claims (each of which is defined below in this Section), attorneys' fees, and Class Counsel's litigation expenses, the Settlement Administrator will make *pro rata* payment of the remaining Settlement Fund to each Class Member who submits a claim. A Class Member is not required to provide any documentation or attestation to claim the cash payment.

b)   Out-of-Pocket Expense Claims. Class Members can submit a Claim Form for reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident up to $2,000.00 per individual ("Out-of-Pocket Expense Claims"). Out-of-Pocket Expense Claims will include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after September 1, 2023, through the date of claim submission that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident; and miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

Class Members with Out-of-Pocket Expense Claims must submit documentation and attestation supporting their claims. This may include

receipts or other documentation, not "self-prepared" by the claimant, that verifies the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

2.2     Any residual funds after payment of all class benefits, Settlement Administration fees, attorneys' fees, costs, and Service Awards shall be used for a *pro rata* increase of the Pro Rata Cash Payment claims set forth in Section 2.1(a) above, with no maximum payment. Any funds that remain after the distribution and reissuance of all payments from the Settlement Fund, including for settlement payments that are not cashed by the deadline to do so, will be Remainder Funds that shall be distributed to a charitable organization approved of by the Parties and subject to Court approval.

2.3     <u>Dispute Resolution for Claims</u>.   The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket Expense Claims described in Section 2.1; and (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident.  The Settlement Administrator may, at any time, request from the claimant, in writing, additional information as the Settlement Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, and claims previously made for identity theft and the resolution thereof.  For any such claims that the Settlement Administrator determines to be implausible, the Settlement Administrator will submit those claims to the Settling Parties (one Plaintiffs' lawyer shall be

designated to fill this role for all Plaintiffs).  If the Settling Parties do not agree with the claimant's Settlement Claim, after meeting and conferring, then the Settlement Claim shall be referred for resolution to the Settlement Administrator for final determination.

2.4.1. Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Settlement Administrator shall request additional information and give the claimant a minimum of fourteen (14) days to cure the defect before rejecting the claim.  If the defect is not cured in the time permitted by the Settlement Administrator (subject to the 14-day minimum), then the claim will be deemed invalid and there shall be no obligation to pay the defective claim.  The postmark date shall constitute evidence of the date of mailing for these purposes.

2.4.2  Following receipt of additional information requested by the Settlement Administrator, the Settlement Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is facially valid, then the claim shall be paid.  If the claim is not facially valid because the claimant has not provided all information needed to complete and evaluate the claim, then the Settlement Administrator may reject the claim without any further action.  A defect in one claim shall not cause rejection of any other valid claim submitted by the claimant.

2.4.3.  Class Members shall have ten (10) days from receipt of the offer to accept or reject any offer of partial payment received from the Settlement Administrator.

2.4     <u>Settlement Expenses</u>. All costs for notice to the Class Members as required under ¶ 3.2, Administration Fees under ¶¶ 9.1-9.4 and the costs of Dispute Resolution described in ¶¶ 2.4, 9.1 shall be paid out of the Settlement Fund.

2.5    Class Certification.  The Settling Parties agree, for purposes of this Settlement only, to the certification of the Class.  If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement and the certification of the Class provided for herein, will be vacated and the Litigation shall proceed as though the Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

**3.    Order of Preliminary Approval and Publishing of Notice of Final Approval Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel and counsel for Defendant shall jointly submit this Settlement Agreement to the Court, and Interim Lead Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit D** in both terms and cost, requesting, *inter alia*:

a)    certification of the Class for settlement purposes only pursuant to ¶ 2.6;

b)    preliminary approval of the Settlement Agreement as set forth herein;

c)    appointment of Interim Lead Counsel as Class Counsel;

d)    appointment of Plaintiffs as Class Representatives;

e)    approval of the Short Notice to be mailed to Class Members in a form substantially similar to the one attached as **Exhibit C** this Settlement Agreement;

17

f)      approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective litigation positions, statements that the settlement and notice of settlement are legitimate and that the Class Members are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for how to obtain the benefits from the Settlement, the process and instructions for making claims, and the date, time and place of the Final Approval Hearing;

g)      approval of a Claim Form to be used by Class Members to make a claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and

h)      appointment of Simpluris as the Settlement Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties before submission to the Court for approval. Immaterial revisions to these documents may also be made prior to dissemination of notice.

3.2     Costs for providing notice to the Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Administration Fees shall be paid from the Settlement Fund. Attorneys' fees, expenses of Proposed Class Counsel, and Service

18

Awards to Class Representatives, as approved by the Court, shall also be paid from the Settlement Fund.  Notice shall be provided to Class Members by the Settlement Administrator as follows:

a) No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the name and last known physical address of each Class Member (collectively, "Class Member Information") that Defendant possesses.

b) The Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time.  Except to administer the Settlement as provided in this Settlement Agreement, or to provide all data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c) Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website (www.menaregionaldatasettlement.com) that will inform Class Members of the terms of this Settlement Agreement, their rights, dates, deadlines, and related information.  The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; (v) Class Counsel's Motion for Attorney Fees, Expenses, and Contribution Awards (once filed); and (vi) any other materials agreed

19

upon by the Parties and/or required by the Court.  The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically.

d)      Within thirty (30) days after the entry of the Preliminary Approval Order ("Notice Date") and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator will provide notice to the Class via mail to the postal address in Defendant's possession.  Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the returned Short Notice includes a forwarding address, the Settlement Administrator shall re-send the Short Notice to the forwarding address within ten (10) days of receiving the returned Short Notice;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address

of the recipient is no longer valid, i.e., the Short Notice is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e) Publishing, on or before the Notice Date, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period; and,

f) Establishing a toll-free help line with an IVR system to provide Class Members with additional information about the settlement.

3.3 Contemporaneously with seeking Final Approval of the Settlement, Proposed Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.4 The Short Notice, Long Notice, and other applicable communications to the Class may be adjusted by the Settlement Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval. The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be

21

completed within forty-five (45) days after entry of the Preliminary Approval Order. Proposed Class Counsel and Defendant's counsel shall request that after notice is completed the Court hold the Final Approval Hearing and grant final approval of the settlement set forth herein.

3.5    Within ten (10) business days following the Court's entry of the Preliminary Approval Order, the Claims Administrator on behalf of the Defendant shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice shall be payable from the Settlement Fund.

**4.    Opt-Out Procedures**

4.1    Each Person wishing to opt-out of the Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator.  The written notice must clearly manifest a Person's intent to opt-out of the Class. To be effective, written notice must be postmarked no later than the Opt-Out Date, as defined in ¶ 1.19.

4.2    All Persons who submit valid and timely notices of their intent to opt-out of the Class referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Class who do not validly opt-out of the Class shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3    If the Settlement Administrator receives more than 100 Opt-Outs from the Settlement, Defendant shall have the right to terminate the Settlement Agreement in its entirety. However, Defendant shall remain responsible for the payment of any administrative or notice costs already incurred.

**5.    Objection Procedures**

33650641.5

5.1     Each Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date.  Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number, *Rodriguez v. Mena Hospital Commission d/b/a Mena Regional Health Sys.*, No. 2:23-cv-2002 (W.D. Ark.); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than the Objection Date, to Clerk of the Court, Judge Isaac C. Parker Federal Building, 30 South 6th Street, Room 1038, Fort Smith, Arkansas 72901.

5.2     Any Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement, including any claims, shall be through the provisions of ¶¶ 2.4, 5.1, 9.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final Order approving this Settlement Agreement, or the Judgment to be entered

upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

6.      **Release**

6.1      Upon the Effective Date, each Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Entities. Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted. Any other claims or defenses Plaintiffs and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentences.

7.      **Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Plaintiffs**

7.1      The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or Service Awards to Plaintiffs until after the substantive terms of the Settlement had been agreed upon, other than that reasonable attorneys' fees, costs, expenses, and Service Awards to Plaintiffs as may be agreed to by Defendant and Class Counsel and as ordered by the Court shall be paid from the Settlement Fund.  Defendant and Class Counsel then negotiated and agreed to the procedure as set forth herein.

7.2     Class Counsel will move the Court for an award of attorneys' fees not to exceed one-third (1/3) of the Settlement Fund, or approximately $166,666.67 and litigation expenses not to exceed $25,000.00 to be paid from the Settlement Fund. Class Counsel, in their discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel.

7.3     Subject to Court approval, Plaintiffs intend to request Service Awards in the amount up to $2,000.00 to each of the Plaintiffs, also to be paid from the Settlement Fund, as a result of their time and effort furthering the interests of the Class in this case.

7.4     If awarded by the Court, the attorneys' fees and expenses as set forth in ¶ 7.2 will be distributed to Class Counsel, within fourteen (14) days after the Effective Date, from the Escrow Account.  Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and Service Awards to Plaintiffs consistent with ¶ 7.2.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the Service Awards to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or Service Awards ordered by the Court to Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.     Settlement Fund

8.1     <u>Deposits</u>.        Defendant agrees to make, or cause to be made, a payment of Five Hundred Thousand Dollars and No Cents ($500,000.00) and deposit that payment into the Escrow Account as follows: (i) Defendant shall pay, or cause to be paid, Four Hundred Thousand Dollars

and No Cents ($400,000.00) into the Escrow Account within fourteen (14) days after the later of (i) the Effective Date, and (ii) the receipt of a W-9 from the Settlement Administrator, along with wire instructions and independent verbal confirmation of the payment details; and (ii) Defendant shall pay, or cause to be paid, One Hundred Thousand Dollars ($100,000.00) into the Escrow Account within fourteen (14) days after the later of (i) the Court's entry of the Preliminary Approval Order to pay for the Administration Fees, and (ii) the receipt of a W-9 from the Settlement Administrator, along with wire instructions and independent verbal confirmation of the payment details, whichever date is later. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed Five Hundred Thousand Dollars and No Cents ($500,000.00) inclusive of the costs associated with the CAFA Notice also deducted from the Settlement Fund.

8.2    <u>Custody of the Settlement Fund</u>.  The Settlement Fund shall be deposited into the Escrow Account, which shall be an appropriate trust established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

8.3    <u>Treasury Regulations and Fund Investment</u>. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund ("QSF") within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back

election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

8.4     Taxes. All taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to any tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, they, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

**9.      Administration of Claims**

9.1     The Settlement Administrator shall administer and calculate the claims submitted by Class Members under ¶ 2.1. Class Counsel and Defendant shall be given reports as to both claims and distribution, and both shall have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The

27

33650641.5

Settlement Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process set forth in ¶ 2.4.  All claims agreed to be paid in full by Defendant shall be deemed valid.

9.2      Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within thirty (30) days of the Effective Date.

9.3      All Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

9.4      No Person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Plaintiffs, and/or Defendant's counsel based on distributions of benefits to Class Members.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      Defendant has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3,

b)      the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

c)      the Judgment has become Final, as defined in ¶ 1.14.

10.2    If all conditions specified in ¶ 1.14 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    Within fourteen (14) days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

10.4    In the event that the Settlement Agreement or the releases set forth in ¶ 6.1 above are not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.   Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or Service Awards shall constitute grounds for cancellation or termination of the Settlement Agreement.   Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendant shall be obligated to pay amounts already billed or incurred for costs of notice to the Class, Settlement Administration, and Dispute Resolution pursuant to ¶¶ 2.4, 3.2, 9.1-9.4 above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**11.     Miscellaneous Provisions**

11.1     The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2     In the event that the aggregated amount of payments of all valid Claimed Benefits (i.e., the Pro Rata Cash Payment and/or Out-of-Pocket Expense Claims) exceeds the total amount of the Settlement Fund, then the value of the payments to be paid to each Class Member making a Valid Claim shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for all claims does not exceed the Settlement Fund (after payment of all Settlement Administration Costs and Expenses, Attorneys' Fees, Expenses, and Service Awards). All *pro rata* reduction determinations shall be made by the Settlement Administrator.

11.3     The Settling Parties intend this Settlement to be a final and complete resolution of all claims and disputes between them with respect to the Data Incident and this Litigation.  The Settlement compromises claims, including but not limited to all Released Claims, that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the Settlement was negotiated in good faith by the Settling Parties and reflects a compromise that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

11.4   Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.5   The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.6   The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

11.7   This Settlement Agreement, including all exhibits hereto, contains the entire understanding between Defendant and Plaintiffs, individually and on behalf of the Class and all Released Entities, regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between the Parties in connection with the payment of the Litigation settlement.  Except as otherwise provided herein, each party shall bear its own costs.  This Settlement Agreement supersedes all previous agreements made between the Parties.

11.8     Class Counsel, on behalf of the Class, and Defendant's counsel, on behalf of Defendant, are expressly authorized to take all appropriate actions required or permitted to be taken by the Parties pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Parties which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Parties.

11.9     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.10    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

11.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

11.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.  The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement

Administrator.  As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

11.13    As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

11.14    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Arkansas, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Arkansas.

11.15    All dollar amounts are in United States dollars (USD).

11.16     If a Class Member opts to receive settlement benefits via mailed check, cashing the settlement check is a condition precedent to any Class Member's right to receive settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void."  If a check becomes void, the Class Member shall have until six months after the Effective Date to request re-issuance.  If no request for re-issuance is made within this period, the Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Class Member's right to receive monetary relief shall be extinguished, and there shall be no obligation to make payments to the Class Member for expense reimbursement or any other type of monetary relief. The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.17    The Settlement Website shall be deactivated one hundred eighty (180) days after the Effective Date.

33

11.18   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

*Signatures on Following Page*

34

DATED this 17th day of June, 2024.                    Respectfully submitted,


_Danielle [signature]_
_____
Danielle L. Perry (admitted pro hac vice)
Gary E. Mason (admitted pro hac vice)
Lisa A. White (admitted pro hac vice)
**MASON LLP**
5335 Wisconsin Avenue, NW, Ste 640
Washington, DC 20015
202.429.2290
dperry@masonllp.com
gmason@masonllp.com
lwhite@masonllp.com


Bryan L. Bleichner (admitted pro hac vice)
Philip J. Krzeski (admitted pro hac vice)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Ste 1700
Minneapolis, MN 55401 612.339.7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com


*Plaintiffs' Interim Co-Lead Class Counsel*

Randall K. Pulliam (AR Bar 981105)
Courtney E. Ross (AR Bar 2021156)
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, AR 72201
501.312.8500
rpulliam@cbplaw.com
cross@cbplaw.com


*Plaintiffs' Interim Liaison Counsel*

_____
Timothy J. Lowe (P68669)
**MCDONALD HOPKINS**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI
48304 (248) 220-1359
tlowe@mcdonaldhopkins.com


Patrick McDaniel Ark. Bar No. 97133
**ATTORNEY AT LAW, P.A.**
311 DeQueen St.
Mena, AR 71953
t: 479.394.3091
patrick@arklawyer.com


*Counsel for Defendant*


_____

_____
Mena Hospital Commission

DATED this ___ day of June, 2024.                    Respectfully submitted,


_____          _____
Randall K. Pulliam (AR Bar 981105)                Timothy J. Lowe (P68669)
Courtney E. Ross (AR Bar 2021156)                 **MCDONALD HOPKINS**
**CARNEY BATES & PULLIAM, PLLC**                  39533 Woodward Avenue, Suite 318
519 West 7th Street                               Bloomfield Hills, MI
Little Rock, AR 72201                             48304 (248) 220-1359
501.312.8500                                      tlowe@mcdonaldhopkins.com
rpulliam@cbplaw.com
cross@cbplaw.com                                  Patrick McDaniel Ark. Bar No. 97133
                                                  **ATTORNEY AT LAW, P.A.**
*Plaintiffs' Interim Liaison Counsel*             311 DeQueen St.
                                                  Mena, AR 71953
Bryan L. Bleichner (admitted pro hac vice)        t: 479.394.3091
Philip J. Krzeski (admitted pro hac vice)         patrick@arklawyer.com
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Ste 1700             *Counsel for Defendant*
Minneapolis, MN 55401 612.339.7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com


Danielle L. Perry (admitted pro hac vice)         _____
Gary E. Mason (admitted pro hac vice)             Michael Wood, DPT, CEO
Lisa A. White (admitted pro hac vice)             Mena Hospital Commission
**MASON LLP**
5335 Wisconsin Avenue, NW, Ste 640
Washington, DC 20015
202.429.2290
dperry@masonllp.com
gmason@masonllp.com
lwhite@masonllp.com


*Plaintiffs' Interim Co-Lead Class Counsel*

DocuSigned by:

_____

0417FAD9FDD04E2...

_____

David Rodriguez

_____
Carl Schoolfield

33650641.5

Doc ID: aa5622bb4c4f3ad55801b644f09d22aec1a14583

Tananda Smith (Jun 17, 2024 12:22 CDT)

Tananda Smith, individually and on behalf of her minor children A.S. and K.S.

Jessica Smedley, individually and on behalf of her minor children C.S. and A.S.

33650641.5

Daniel Smedley

DocuSign Envelope ID: FAF9291E-086F-4CFA-A59E-53A33819A65B

Christopher Cant (Jun 17, 2024 16:37 CDT)

Chris Cant

33650641.5

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +29 days |
| Notice Deadline | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Deadline | +90 days |
| Opt-Out Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +104 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | _____, 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +45 days |
| Payment of Claims to Class Members | +65 days |
| Settlement Website Deactivation | +240 days |

EXHIBIT A

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

**[DEADLINE]**

</td><td>

*David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System*
Case No. 2:23-cv-2002
United States District Court for the Western District of Arkansas
Fort Smith Division

**MENA DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**

**[DEADLINE]**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

You are included in the **Settlement Class** if you received a Notice Letter from Mena notifying you that your private information was compromised in the Data Incident.

> **Excluded from the Settlement Class** are: (a) all persons who are employees, directors, officers, and agents of Mena Hospital Commission or Mena Regional Health System, the Judge assigned to the Action, and that Judge's immediate family and Court staff.

**Data Incident** is the targeted cyberattack on the Defendant's computer systems that occurred on or about November 8, 2022, in which certain files that contained private information were accessed.

### COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR BOTH OF THE FOLLOWING SETTLEMENT BENEFITS

## AVAILABLE BENEFITS

You are not limited to one benefit. If you are eligible for both benefits, as described below, you may file a claim for each of them.

**Pro Rata Cash Payment.** After Out-of-Pocket Expense Claims, Service Awards, attorney's fees and costs, and costs of administration have been paid, Class Members who file a valid, timely claim will receive a proportional *pro rata* payment of the remaining Settlement Fund. You are not required to provide any documentation or attestation to claim the cash payment.

**Out-of-Pocket Expense Claims.** Class Members can submit a Claim Form for reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident for up to $2,000.00 per individual . Out-of-Pocket Expense Claims include:

- unreimbursed losses relating to fraud or identity theft;
- professional fees for attorneys and/or accountants, and fees for credit repair services;
- costs associated with freezing or unfreezing credit with any credit reporting agency;
- credit monitoring costs; and/or
- miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges

**QUESTIONS? VISIT WWW.MENAREGIONALDATASETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

*David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System*
Case No. 2:23-cv-2002
United States District Court for the Western District of Arkansas
Fort Smith Division

**Your claim must be submitted online or postmarked by: [DEADLINE]**

**Your claim must be submitted online or postmarked by: [DEADLINE]**

**MENA DATA INCIDENT SETTLEMENT CLAIM FORM**

Out-of-Pocket expenses must have been incurred on or after September 1, 2023, through the date you file your claim. .

You must submit documentation, such as receipts, to verify the costs you incurred. You may submit "self-prepared" documents to add clarity or support to other submitted documentation, but self-prepared documents by themselves are insufficient to file a valid claim.

Lastly, you must attest under penalty of perjury that these out-of-pocket expenses resulted from dealing with the Data Incident.

**THE EASIEST WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT**
**MENAREGIONALDATASETTLEMENT.COM**

You may also print out and complete this Claim Form, and submit it by U.S. mail to: Mena Data Incident Settlement, c/o Settlement Administrator, [PO Box Address]. An electronic image of the completed Claim Form can also be submitted by email to info@menaregionaldatasettlement.com

The deadline to submit a Claim Form online is [DEADLINE]. If you are mailing your Claim Form, it must be mailed with a postmark date no later than [DEADLINE].

**QUESTIONS? VISIT WWW.MENAREGIONALDATASETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

*David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System*
Case No. 2:23-cv-2002
United States District Court for the Western District of Arkansas
Fort Smith Division

**MENA DATA INCIDENT SETTLEMENT CLAIM FORM**

| **Your claim must be submitted online or postmarked by:** [DEADLINE] | | **Your claim must be submitted online or postmarked by:** [DEADLINE] |
| --- | --- | --- |

### I. CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.

First Name      Last Name

Street Address

City      State      Zip Code

Email Address      Phone Number      Notice ID (if known)

### II. PRO RATA CASH PAYMENT (AVAILABLE TO ALL CLASS MEMBERS)

☐ Check this box if you would like to receive a proportional *pro rata* cash payment. The amount of the cash payment will depend on the number and amount of valid Out-of-Pocket Expenses claimed, and the costs of litigation and administration approved by the court.

### III. DOCUMENTED OUT-OF-POCKET EXPENSES (UP TO $2,000.00 PER INDIVIDUAL)

☐ Check this box if you are seeking reimbursement for **actual, documented** losses that were incurred as a result of the Data Incident. **You must submit supporting documentation** demonstrating the actual, unreimbursed losses you are seeking reimbursement for.

*Complete the chart below describing the supporting documentation you are submitting.*

| *Description of Documentation Provided* | *Amount* |
| --- | --- |
| *Example: Unauthorized purchases made with payment information compromised in the Data Incident* | *$40* |
| | |
| | |
| | |
| | |

**QUESTIONS? VISIT WWW.MENAREGIONALDATASETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

*David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System*
Case No. 2:23-cv-2002
United States District Court for the Western District of Arkansas
Fort Smith Division

**MENA DATA INCIDENT SETTLEMENT CLAIM FORM**

<table>
<tr><td>Your claim must be submitted online or postmarked by: <br> **[DEADLINE]**</td></tr>
</table>

<table>
<tr><td>*continued...*</td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td></td></tr>
<tr><td align="right">**TOTAL OUT-OF-POCKET EXPENSES:**</td><td></td></tr>
</table>

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## IV.  PAYMENT SELECTION

Please select **one** of the following payment options if you are seeking reimbursement under Sections II or III above.

**PayPal** - Enter your PayPal email address: _____

**Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

**Zelle -** Enter the mobile number or email address associated with your Zelle account:

   Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

**Virtual Prepaid Card -** Enter your email address: _____

**Physical Check -** Payment will be mailed to the address provided in Section I above.

## V.  ATTESTATION & SIGNATURE

I swear and affirm that the information provided in this Claim Form, and any supporting documentation provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

| _____ | _____ | _____ |
|:---:|:---:|:---:|
| Signature | Printed Name | Date |

**QUESTIONS? VISIT WWW.MENAREGIONALDATASETTLEMENT.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

David Rodriguez, et al., v. Mena Hospital Commission
d/b/a Mena Regional Health System
Case No. 2:23-cv-2002
United States District Court for the Western District of Arkansas
Fort Smith Division

> **IF YOU RECEIVED NOTICE FROM THE MENA REGIONAL HEALTH SYSTEM INDICATING THAT YOUR PRIVATE INFORMATION MAY HAVE BEEN IMPACTED IN A DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with the Mena Hospital Commission, which does business as Mena Regional Health System ("Mena" or "Defendant"), in a class action lawsuit concerning the targeted cyberattack on the Defendant's computer systems that occurred on or about November 8, 2022 (the "Data Incident"), in which certain files that contained private information were accessed. The information included, full names, dates of birth, social security number, driver's license/government identification number, financial account information, medical record/patient numbers, medical diagnosis/treatment information, medical provider names, lab results, prescription information, and health insurance information.

- The lawsuit is captioned *David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System,* Case No. 2:23-cv-2002, currently pending in the United States District Court for the Western District of Arkansas, Fort Smith Division (the "Action").

- Mena denies each and all of the claims and contentions alleged against it in the Action and denies all charges of wrongdoing or liability alleged (or which could be alleged) in the Action, but has agreed to a settlement to avoid the costs and risks associated with continuing the litigation.

- You are included in the Settlement Class if you received a Notice Letter from Mena notifying you that your private information was compromised in the Data Incident.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.menaregionaldatasettlement.com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | _____, 2024 |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can hire your own legal counsel at your own expense. | _____, 2024 |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | _____, 2024 |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.



For complete information and to file a claim, scan this QR code to go directly to the Settlement website, www.menaregionaldatasettlement.com

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................... 3

WHO IS IN THE SETTLEMENT.................................................................................... 4

THE SETTLEMENT BENEFITS..................................................................................... 5

SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ............................ 6

THE LAWYERS REPRESENTING YOU........................................................................ 7

EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................... 7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT.................................. 7

THE COURT'S FINAL APPROVAL HEARING ........................................................... 9

IF I DO NOTHING.......................................................................................................10

GETTING MORE INFORMATION .............................................................................10

# Basic Information

## 1. Why was this Notice issued?

The United States District Court for the Western District of Arkansas, Fort Smith Division, authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is captioned *David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System,* Case No. 2:23-cv-2002. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the entity they sued, Mena, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that private and sensitive information may have been impacted due to the unauthorized access to Defendant's computer systems on or about November 8, 2022 (the "Data Incident"). The information included full names, dates of birth, social security number, driver's license/government identification number, financial account information, medical record/patient numbers, medical diagnosis/treatment information, medical provider names, lab results, prescription information, and health insurance information.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Class Representatives are David Rodriguez, Carl Schoolfield, Tanada Smith, individually and on behalf of her minor children A.S. and K.S., Jessica Smedley, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant, and everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. Plaintiffs and the Defendant have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Settlement Class includes all persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Incident.

## 6. Are there exceptions to being included?

Yes. Excluded from the Settlement Class are: (a) all persons who are employees, directors, officers, and agents of Mena Hospital Commission or Mena Regional Health System, the Judge assigned to the Action, and that Judge's immediate family and Court staff.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing or writing to Settlement Administrator at:

info@menaregionaldatasettlement.com

Mena Data Incident Settlement, c/o Settlement Administrator, [PO Box Address].

You may also view the Settlement Agreement at www.menaregionaldatasettlement.com.

# The Settlement Benefits

## 7. What does the Settlement provide?

Mena has agreed to establish a Settlement Fund of $500,000.00. The Settlement provides the following Settlement Benefits. You are not limited to one benefit. If you are eligible for both benefits, as described below, you may file a claim for each of them.

**Pro Rata Cash Payment.** After Out-of-Pocket Expense Claims, Service Awards, attorney's fees and costs, and costs of administration have been paid, Class Members who file a valid, timely claim will receive a proportional *pro rata* payment of the remaining Settlement Fund. You are not required to provide any documentation or attestation to claim the cash payment.

**Out-of-Pocket Expense Claims.** Class Members can submit a Claim Form for reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident for up to $2,000.00 per individual . Out-of-Pocket Expense Claims include:

- unreimbursed losses relating to fraud or identity theft;
- professional fees for attorneys and/or accountants, and fees for credit repair services;
- costs associated with freezing or unfreezing credit with any credit reporting agency;
- credit monitoring costs; and/or
- miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges

These out-of-pocket expenses must have been incurred on or after September 1, 2023, through the date you file your claim.

You must submit documentation, such as receipts, to verify the costs you incurred. You may submit "self-prepared" documents to add clarity or support to other submitted documentation, but self-prepared documents by themselves are insufficient to file a valid claim.

Lastly, you must attest under penalty of perjury that these out-of-pocket expenses resulted from dealing with the Data Incident.

## 8. How much will my payment be?

Payments will vary depending on the Settlement Benefits selected and, for Out-of-Pocket Expenses Claims, the supporting documentation provided.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. The "Release" section of

5

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.menaregionaldatasettlement.com

the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement is available for review at www.menaregionaldatasettlement.com.

## Submitting a Claim Form for Settlement Benefits

### 10. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.menaregionaldatasettlement.com. If you prefer, you can download the Claim Form from the website and mail it to the Settlement Administrator at: Mena Data Incident Settlement, c/o Settlement Administrator, [PO Box Address].

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@ menaregionaldatasettlement.com, or by U.S. mail at the address above.

### 11. What is the deadline for submitting a claim?

If you are submitting a Claim Form online, you must do so by **[Deadline Date]**. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, along with any supporting documentation, must be mailed so it is postmarked no later than **[Deadline Date]**.

### 12. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on _____, 2024.  If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them.

Settlement benefits will be distributed if the Court grants final approval of the Settlement and after any appeals are resolved, or after the period to seek an appeal has expired.

## The Lawyers Representing You

### 13. Do I have a lawyer in the case?

Yes, the Court appointed Bryan L. Bleichner of Chestnut Cambronne PA, and Danielle Perry of Mason LLP, to represent you and other members of the Settlement Class ("Class Counsel").

### 14. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will Class Counsel be paid?

Class Counsel will seek Court approval for attorneys' fees not to exceed one-third of the Settlement Fund, $166,666.67, and costs of litigation not to exceed $25,000. Class Counsel will also ask the Court to approve Service Awards in the amount of $2,000.00 to each of the Class Representatives. These fees and costs, as well as the costs of administration, will be paid from the Settlement Fund.

# Excluding Yourself from the Settlement

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, there are steps that you must take to exclude yourself from the Settlement Class. This is called requesting an exclusion from, or "opting out" of the Settlement Class. The deadline to submit a request for exclusion from the Settlement is **[Deadline Date]**.

To exclude yourself from the Settlement, you must submit a written request for exclusion that includes the following information:

- the name of the Action: *David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System,* Case No. 2:23-cv-2002, pending in the United States District Court for the Western District of Arkansas, Fort Smith Division
- your full name;
- current address;
- personal signature; and
- the words "Request for Exclusion" or a clear and similar statement that the you do not wish to participate in the Settlement.

Your request for exclusion must be mailed to the Settlement Administrator at the address below, **postmarked no later than [Deadline Date]**.

Mena Data Incident Settlement
ATTN: Exclusion Request
**[PO Box Address]**

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

You may only exclude yourself— not any other person.

# Commenting on or Objecting to the Settlement

## 17. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like a portion or all of the Settlement, you can object to it, if you choose. You can give reasons why you think the Court should not approve it. The Court will consider your views.

For an objection to be considered by the Court, the objection must include:

1. the name of the Action: *David Rodriguez, et al., v. Mena Hospital Commission d/b/a Mena Regional Health System,* Case No. 2:23-cv-2002, pending in the United States District Court for the Western District of Arkansas, Fort Smith Division
2. your full name, address, telephone number, and e-mail address (if any);
3. information identifying you as a Class Member, including proof that you are a member of the Settlement Class (e.g., copy of original notice of the Data Incident);
4. a written statement of all grounds for the objection, accompanied by any legal support for the objection you believe is applicable;
5. the identity of any and all counsel representing you in connection with the objection;
6. a statement as to whether you and/or your counsel will appear at the Final Fairness Hearing; and
7. your signature and the signature of your duly authorized attorney or other duly authorized representative, if any (along with documentation setting forth such representation).

To be timely, a written notice of an objection containing the above information must be filed with the Clerk of the Court, with copies served on Class Counsel and counsel for Mena, no later than **[OBJECTION DATE]**.

| Clerk of the Court | Class Counsel | Counsel for Mena |
|---|---|---|
| Clerk of the Court<br>Potter Stewart U.S. Courthouse<br>Room 103<br>100 East Fifth Street<br>Cincinnati, OH 45202 | Bryan L. Bleichner<br>**CHESTNUT CAMBRONNE PA**<br>100 Washington Avenue South<br>Suite 1700<br>Minneapolis, MN 55401<br><br>Danielle L. Perry<br>**MASON LLP**<br>5335 Wisconsin Avenue NW<br>Suite 640<br>Washington, DC 20015 | Timothy J. Lowe<br>**MCDONALD HOPKINS**<br>39533 Woodward Avenue<br>Suite 318<br>Bloomfield Hills, MI<br><br>Patrick McDaniel<br>**ATTORNEY AT LAW, P.A.**<br>311 DeQueen St.<br>Mena, AR 71953 |

Any Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement, and shall be bound by all the terms of the Settlement and by all proceedings, orders and judgments in the Litigation.

8

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.menaregionaldatasettlement.com

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 19. When is the Court's Final Approval Hearing?

The Court will hold a final approval hearing on _____, 2024 at _____ a.m./p.m. E.T., in Room XXX of the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202.

At the final approval hearing, the Court will consider whether to approve the Settlement, how much attorneys' fees and costs to award to Class Counsel for representing the Settlement Class, and whether to award a Service Award to each of the Class Representatives who brought this Action on behalf of the Settlement Class. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your attorney may ask permission to speak at the hearing at your own cost (*See* **Question 17**).

The date and time of this hearing may change without further notice. Please check www.menaregionaldatasettlement.com for updates.

## 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

# If I Do Nothing

## 21. What happens if I do nothing at all?

If you are a Class Member and you do nothing, you will give up the rights described in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues resolved by this Settlement. In addition, if you do nothing, you will not receive a benefit from this Settlement.

## <u>Getting More Information</u>

**22. How do I get more information?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.menaregionaldatasettlement.com.

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email: info@ menaregionaldatasettlement.com

Toll-Free: 1-XXX-XXX-XXXX

Mail: Mena Data Incident Settlement, c/o Settlement Administrator, [PO Box Address]

Publicly filed documents can also be obtained by visiting the office of the Clerk of Court, Room 103, at the Potter Steward U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio, 45202.

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

 For complete information and to file a claim, scan this QR code to go directly to the Settlement website, www.menaregionaldatasettlement.com

10

# EXHIBIT C

Rodriguez v. Mena Health System
c/o Settlement Administrator
P.O. Box _____
City, ST _____ - ____

*Rodriguez, et al., v. Mena Hospital Commission
d/b/a Mena Regional Health System*

*Case No. 2:23-cv-2002*

**IF YOU RECEIVED NOTICE FROM THE MENA
REGIONAL HEALTH SYSTEM INDICATING THAT
YOUR PRIVATE INFORMATION MAY HAVE BEEN
IMPACTED IN A DATA INCIDENT,
A PROPOSED CLASS ACTION SETTLEMENT
MAY AFFECT YOUR RIGHTS.**

For more information about the proposed class action
settlement, including how to submit a claim, exclude
yourself, or submit an objection, please visit
www.menaregionaldatasettlement.com
or call toll-free  [**TOLL FREE NUMBER**]
*A court has authorized this Notice.*

*This is not a solicitation from a lawyer.*

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

**Why am I receiving this notice?** A settlement has been reached in a class action lawsuit concerning a November 2022 targeted cyberattack against Mena Regional Health System ("Mena"), in which private information were accessed. Mena denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the Lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available at www.menaregionaldatasettlement.com.

**Who is included in the Settlement?** You are included in the Settlement Class if you received a Notice Letter from Mena notifying you that your private information was compromised in the cyberattack.

**What are the Settlement benefits?** Mena has agreed to establish a settlement fund of $500,000.00. All Class Members who submit a valid claim by [DATE] will receive a proportional pro rata share of the Settlement Fund as a cash payment. Class Members who incurred out-of-pocket expenses as a direct result of the Data Incident will also receive up to $2,000.00 per individual if they submit a valid claim, including documentation, by [DATE]. You may file a claim for both benefits, if both apply to you.

**How do I receive a cash payment?** To submit a claim for a Pro Rata Cash Payment, simply complete the attached Claim Form, tear at perforation, and return by U.S. Mail. Postage is already paid. To submit Out-of-Pocket Expense claims, visit www.menaregionaldatasettlement.com or call [TOLL FREE NUMBER]. **Claims must be submitted online or postmarked by [DATE]**.

**Who represents me?** Yes, the Court has appointed Bryan L. Bleichner of Chestnut Cambronne PA, and Danielle Perry of Mason LLP, to represent you and other members of the Settlement Class ("Class Counsel").

**What if I don't want to participate in the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by [DATE] or you will not be able to sue Mena for the claims made in *this* lawsuit. If you exclude yourself, you cannot get a cash payment from this Settlement. If you want to object to the Settlement, you may file an objection by [DATE]. The Settlement Agreement, available on the Settlement website at www.menaregionaldatasettlement.com explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on [DATE] at the [ADDRESS], to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for $166,666.67 to cover attorneys' fees, up to $25,000.00 for the costs of litigation, a $2,000 service award for each of the named Plaintiffs, and $XXX for the costs of administering the Settlement. You may attend the hearing at your own cost, but you do not have to.

**THIS NOTICE IS ONLY A SUMMARY. VISIT**
**WWW.MENAREGIONALDATASETTLEMENT.COM**
**OR SCAN THIS QR CODE FOR COMPLETE INFORMATION.**



**NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES**

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL     PERMIT NO 47     COSTA MESA  CA

POSTAGE WILL BE PAID BY ADDRESSEE

**Rodriguez v. Mena Health System
c/o Settlement Administrator
P.O. Box [boxnumber]
Santa Ana, CA  92799-9958**

**RODRIGUEZ V. MENA HEALTH SYSTEM**

《First1》 《Last1》                                                      Notice ID: 《ClaimID》
《Addr1》 《Addr2》                                                      Last Name: 《Last1》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return by U.S. Mail no later than **[DEADLINE]**.*

*You must complete this Claim Form and supply all of the following information in order to a cash payment under this Settlement. Only one claim per Class Member.*

**Check this box** if you would like to receive a proportional pro rata cash payment. The amount of the cash payment will depend on the number and amount of valid Out-of-Pocket Expenses claimed, and the costs of litigation and administration approved by the court.

How would you like to be paid:

Select *ONE*:

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | |
|---|---|
| **David Rodriguez, et al.,** | Case No.: 2:23-cv-2002 |
| **Plaintiffs,** | Hon. P.K. Holmes, III |
| **v.** | |
| **Mena Hospital Commission d/b/a Mena Regional Health System,** | |
| **Defendant.** | |

<u>**[PROPOSED] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS-ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**</u>

This case is before the Court on Plaintiffs David Rodriguez, Carl Schoolfield, Tanada Smith, individually and on behalf of her minor children A.S. and K.S., Jessica Smedley, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated June ___, 2024 (the "Settlement Agreement"), the proposed forms of notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

<u>**Preliminary Approval of Settlement Agreement**</u>

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class

Members, Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Defendant" or "Mena"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

**Class Certification**

4.      Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

>   all natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Incident.

5.      Excluded from the Settlement Class are: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

6.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)      Plaintiffs and Class Counsel (each defined below) fairly and adequately represent

the Settlement Class;

(d)     the claims of Plaintiffs are typical of those of Settlement Class members;

(e)     common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)     Plaintiffs fairly and adequately protects and represents the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)     settlement of the Action on a class action basis is superior to other means of resolving this matter.

7.     The Court appoints Bryan L. Bleichner of Chestnut Cambronne PA and Danielle Perry of Mason LLP as Co-Lead Class Counsel and Randy K. Pulliam as Liaison Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.     The Court hereby appoints Plaintiffs David Rodriguez, Carl Schoolfield, Tanada Smith, individually and on behalf of her minor children A.S. and K.S., Jessica Smedley, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

### Notice to Settlement Class Members

9.     The Court approves the Notices and finds that the dissemination of the Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") and attached as Exhibits A-C to the Settlement Agreement comply fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing, comply

fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and constitute the best notice practicable under the circumstances.

11.     No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class member via direct mail; and shall cause to be published the Long Notice available to the rest of the Class as stated in the proposed Notice Plan. At least, 14 days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on Mena a verification of compliance with the notice requirements.

12.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid out of the Settlement Fund pursuant to the Settlement Agreement.

13.     The Settlement Notices satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan.

**Responses by Class Members and the Scheduling of a Final Approval Hearing.**

14.     Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to sixty (60) days from the date on which the Notice Program commences.

15.     Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel and Counsel for Mena on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any

benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Mena.

16.    Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class Member objected to the Settlement and whether or not such Class Member received consideration under the Settlement Agreement.

17.    The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +29 days |
| Notice Deadline | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Deadline | +90 days |
| Opt-Out Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +104 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | , 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +45 days |

| Payment of Claims to Class Members | +65 days |
| Settlement Website Deactivation | +240 days |

18.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on _____, 2024 at _____, Courtroom 317, of the U.S. Courthouse, Judge Isaac C. Parker Federal Building 30 South 6th Street, Fort Smith, Arkansas 72901.

19.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action.  Class Counsel's application for award of attorneys' fees and costs, and request for the Court to award an incentive award to the named Plaintiffs, shall also be heard at the time of the hearing.

20.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

21.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney.  Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

22.     Any person or entity who or which does not elect to be excluded from the Settlement

Class may object to the proposed Settlement. Any Class Member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) incentive award requests, by serving a written objection upon Class Counsel, Mena's counsel, and the Court.

23.    Any Class Member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

24.    Objections, along with any notices of intent to appear, must be filed with the Court no later than sixty (60) days after the notice program commences. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member must have complied with the requirements of this Order. The notice of objection shall be sent to (a) Class Counsel, (b) Mena's counsel, and (c) the Court. Such objection shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her

counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. No objector may appear at the hearing unless the objector indicates an intent to appear. These documents must be filed with the Clerk of the Court electronically or at the address below and served concurrently with the Counsel listed below:

**<u>Clerk of Court</u>**

30 S. 6th St #10308
Fort Smith, Arkansas 72901

**<u>Plaintiffs' Counsel</u>**

Bryan L. Bleichner
Philip J. Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Ste 1700
Minneapolis, MN 55401
612.339.7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Danielle L. Perry
Gary E. Mason
Lisa A. White
**MASON LLP**
5335 Wisconsin Avenue, NW, Ste 640
Washington, DC 20015
202.429.2290
dperry@masonllp.com
gmason@masonllp.com
lwhite@masonllp.com

**<u>Mena's Counsel</u>**

Timothy J. Lowe
**MCDONALD HOPKINS**

33712842.1

39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
248.220.1359
tlowe@mcdonaldhopkins.com

Patrick McDaniel
**ATTORNEY AT LAW, P.A.**
311 DeQueen Street
Mena, AR 71953
479.394.3091
patrick@arklawyer.com

25.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) incentive award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

26.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

27.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Mena with respect to all of the Released Claims.

28.     The Claims Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Mena shall cooperate promptly and fully in the preparation of such notices, including providing the Claims Administrator with any and all information in their possession necessary for the preparation of these notices. The Claims Administrator shall provide courtesy copies of the

notices to Class Counsel for the purpose of implementing the settlement. The Claims Administrator shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## Administration of the Settlement.

29.     The Court hereby appoints the claims administrator proposed by the parties, Simpluris, Inc. ("Simpluris"), (the "Claims Administrator").  Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class Members; (b) disseminating notice to the Class; (c) developing a web site to enable Class Members to access documents; (d) accepting and maintaining documents sent from Class Members relating to claims administration; and (e) distributing settlement checks to Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by Mena.

30.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Mena and any other Released Persons, and Mena and any other Released Persons shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been

executed.

31.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Mena as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.


Dated: _____          _____

                                        United States District Court Judge P.K. Holmes, III