UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RODRIGUEZ *et al.*,                                                                  PLAINTIFFS

v.                                    Case No. 2:23-CV-2002

MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM                                                DEFENDANT

## ORDER

The plaintiffs in this matter have filed an unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 67). The Motion also seeks conditional certification of a class for the purposes of settlement. Based on its review of the materials filed, the Court **GRANTS** the plaintiffs' Motion.

The settlement of a class action requires court approval under Federal Rule of Civil Procedure 23(e). The review of a proposed class action settlement typically proceeds in two stages. "At the first stage, the parties submit the proposed settlement to the Court, which must make 'a preliminary fairness evaluation.'" *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (quoting Fed. Judicial Ctr., Manual for Complex Litig., Fourth § 21.632). "If the proposed settlement is preliminarily acceptable, the Court then directs that notice be provided to absent class members, in order to afford them an opportunity to be heard on, object to, and opt out of the settlement." *Id.* (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)).

"When making a preliminary fairness evaluation, the 'fair, reasonable, and adequate' standard imposed by Rule 23(e)(2) is lowered, and the Court's focus is on whether the settlement is 'within the range of possible approval due to an absence of any

1

glaring substantive or procedural deficiencies.'" *Adams v. Cradduck*, 2015 WL 12915102, at *2 (W.D. Ark. Aug. 21, 2015) (quoting *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 2009 WL 4782082, at *3 (E.D. Mo. Dec. 8, 2009)). "The general rule is that a court will grant preliminary approval where the proposed settlement 'is neither illegal nor collusive and is within the range of possible approval.'" 4 Newberg on Class Actions § 13.10 (quoting *In re Vitamins Antitrust Litig.*, 1999 WL 1335318, at *5 (D.D.C. 1999)). "In making this preliminary determination, courts should consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys." *Schoenbaum*, 2009 WL 4782082, at *3. "Where, as here, the parties seek to settle before a class has been certified, a court must exercise particular vigilance in reviewing a pre-certification settlement." *Galloway v. Kansas City Landsmen, LLC*, 2013 WL 3336636, at *2 (W.D. Mo. July 2, 2013).

The Court is persuaded that the settlement is the result of good faith, arm's length negotiation, and that it is sufficiently fair, reasonable, and adequate to warrant preliminary approval. **IT IS THEREFORE ORDERED** that:

## Preliminary Approval of Settlement Agreement

1.  Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.  This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Defendant" or "Mena"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

### Class Certification

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> all natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Incident.

5. Excluded from the Settlement Class are: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleas nolo contendere to any such charge.

6. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;
   b. There are questions of law or fact common to the Settlement Class;
   c. Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;
   d. The claims of Plaintiffs are typical of those of Settlement Class members;

  e. Common issues predominate over any individual issues affecting the members of the Settlement Class;

  f. Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

  g. Settlement of the Action on a class action basis is superior to other means of resolving this matter.

7. The Court appoints Bryan L. Bleichner of Chestnut Cambronne PA and Danielle Perry of Mason LLP as Co-Lead Class Counsel and Randy K. Pulliam as Liaison Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court hereby appoints Plaintiffs David Rodriguez, Carl Schoolfield, Tanada Smith, individually and on behalf of her minor children A.S. and K.S., Jessica Smedley, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

## Notice to Settlement Class Members

9. The Court approves the Notices and finds that the dissemination of the Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") and attached as Exhibits A–C to the Settlement Agreement comply fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10. The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing, comply fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and constitute the best notice practicable under the circumstances.

11. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class member via direct mail; and shall cause to be published the Long Notice available to the rest of the Class as state in the proposed Notice Plan. At least fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on Mena a verification of compliance with the notice requirements.

12. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid out of the Settlement Fund pursuant to the Settlement Agreement.

13. The Settlement Notices satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth in the Notice Plan.

**Responses by Class Members and the Scheduling of a Final Approval Hearing**

14. Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to sixty (60) days from the date on which the Notice Program commences.

15. Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel and Counsel for Mena on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Mena.

16. Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class Member objected to the Settlement and whether or not such Class Member received consideration under the Settlement Agreement.

17. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | + 14 days |
| Long and Short Notices Posted on the Settlement Website | + 29 days |
| Notice Deadline | + 30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | + 76 days |
| Objection Deadline | + 90 days |

| Opt-Out Deadline | + 90 days |
| --- | --- |
| Settlement Administrator provides list of Objections/Exclusions to the Parties' counsel | + 104 days |
| Claims Deadline | + 120 days |
|  |  |
| **From Final Approval Hearing** |  |
| Motion for Final Approval | - 31 days |
|  |  |
| **From Order Granting Final Approval** |  |
| Effective Date | + 31 days, assuming no appeal has been taken.  See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses and Class Representative Service Awards | + 45 days |
| Payment of Claims to Class Members | + 65 days |
| Settlement Website Deactivation | + 240 days |

18. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on **August 11, 2025 at 1:30 p.m., in the fifth-floor courtroom of the John Paul Hammerschmidt Federal Building at 35 East Mountain Street in Fayetteville, Arkansas 72701.**

19. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action.  Class Counsel's application for award of attorneys' fees and costs, and request for the Court to award an incentive award to the named Plaintiffs, shall also be heard at the time of the hearing.

20. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court.  Should the Court adjourn the date for

7

the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

21. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

22. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class Member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) incentive award requests, by serving a written objection upon Class Counsel, Mena's counsel, and the Court.

23. Any Class Member making an objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

24. Objections, along with any notices of intent to appear, must be filed with the Court no later than sixty (60) days after the notice program commences. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and must have complied with the requirements of this Order. The notice of objection shall be sent to (a) Class Counsel, (b) Mena's counsel, and (c) the Court. Such objection shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, or copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. No objector may appear at the hearing unless the objector indicates an intent to appear. These documents must be filed with the Clerk of the Court electronically or at the address below and served concurrently with the Counsel listed below:

**<u>Clerk of Court</u>**
30 S. 6th St. #10308
Fort Smith, AR 72901

**Plaintiffs' Counsel**
Bryan L. Bleichner
Philip J. Krzeski
CHESTNUT CAMBRONNE PA
100 Washington Avenue South, Ste. 1700
Minneapolis, MN 55401
612.339.7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Danielle L. Perry
Gary E. Mason
Lisa A. White
MASON LLP
5335 Wisoncsin Avenue, NW, Ste. 640
Washington, D.C. 20015
202.429.2290
dperry@masonllp.com
gmason@masonllp.com
lwhite@masonllp.com

**Mena's Counsel**
Timothy J. Lowe
MCDONALD HOPKINS
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
248.220.1359
tlowe@mcdonaldhopkins.com

Patrick McDaniel
ATTORNEY AT LAW, P.A.
311 DeQueen Street
Mena, AR 71953
479.394.3091
patrick@arklawyer.com

25. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c)

entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) incentive award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

26. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

27. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Mena with respect to all of the Released Claims.

28. The Claims Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Mena shall cooperate promptly and fully in the preparation of such notices, including providing the Claims Administrator with any and all information in their possession necessary for the preparation of these notices. The Claims Administrator shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. The Claims Administrator shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## Administration of the Settlement

29. The Court hereby appoints the claims administrator proposed by the parties, Simpluris, Inc. ("Simpluris"), (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class Members; (b) disseminating notice to the Class; (c) developing

a web site to enable Class Members to access documents; (d) accepting and maintaining documents sent from Class Members relating to claims administration; and (e) distributing settlement checks to Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by Mena.

30. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, then the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Mena and any other Released Persons, and Mena and any other Released Persons shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

31. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of an admission or concession by Mena as to the validity of any claim that has been or could have been asserted against

it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

## Conclusion

**IT IS THEREFORE ORDERED** that the Final Approval Hearing shall be held before this Court on **August 11, 2025 at 1:30 p.m., in the fifth-floor courtroom of the John Paul Hammerschmidt Federal Building at 35 East Mountain Street in Fayetteville, Arkansas 72701**. The deadline to file a Motion for Final Approval is **July 11, 2025**.

**IT IS SO ORDERED** on this 12th day of February, 2025.

                                                     */s/ Timothy L. Brooks*
                                                   TIMOTHY L. BROOKS
                                                   UNITED STATES DISTRICT JUDGE