**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

DAVID RODRIGUEZ, et al.

                      Plaintiffs,

    v.

MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM,

                  Defendant.

Case No. 2:23-cv-2002

Judge: Hon. P.K. Holmes, Jr.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 4

    A.   Plaintiffs' Request for Attorneys' Fees is Fair and Reasonable ........................ 4

    B.   The Court May Award Fees Based on Either a Percentage of the Common
         Fund or Class Counsel's Lodestar .................................................................. 5

    C.   The Requested Attorneys' Fees are Justified Under the Percentage Method .... 6

    D.   The Requested Attorneys' Fees are Also Warranted Under the Lodestar
         Method ........................................................................................................ 8

    E.   The Johnson Factors Favor Plaintiffs' Fee Request .......................................... 9

         1.   Substantial Time and Labor was Required; Class Counsel Assumed
               Great Risk ....................................................................................... 10

         2.   The Settlement Confers an Excellent Benefit on the Class .................... 11

         3.   The Difficulty and Novelty of the Legal and Factual Issues and the
               Significant Skill of Experienced Counsel .............................................. 12

         4.   The Reaction of the Class .................................................................... 13

    F.   Comparison to Other Fee Awards in Class Action Settlements ........................ 14

    G.   The Expenses Incurred Are Reasonable and Were Necessary to Achieve the
         Benefit Obtained ........................................................................................ 14

    H.   Named Plaintiffs' Service Award Requests are Reasonable ............................. 15

CONCLUSION .............................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acevedo v. Workfit Med. LLC*, 187 F. Supp. 3d 370 (W.D.N.Y. 2016) .................................. 9, 15

*Bassett v. Credit Mgmt. Servs., Inc.*, 2019 WL 4262019 (D. Neb. Aug. 6, 2019)...................... 16

*Boeing Co. v. Van Gamert*, 444 U.S. 472 (1980) .......................................................... 4

*Caligiuri v. Symantec Corp.*, 855 F.3d 860 (8th Cir. 2017) ............................................ 15

*Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. 2011) ............................... 9

*DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171 (8th Cir. 1995) ........................................... 14

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......................................................... 12

*Hernandez v. Merrill Lynch & Co. Inc*, 2013 WL 1209563 (S.D.N.Y. March 21, 2013).............. 9

*Huyer v. Buckley*, 849 F.3d 395 (8th Cir. 2017) ................................... 5, 6, 8, 9, 10, 14

*In re Arby's Restaurant Group, Inc. Data Sec. Litig.*, 2019 WL 2720818 (N.D. Ga.
    Jun. 6, 2019)..................................................................................... 12

*In re Canon U.S.A. Data Breach Litig.*, 2024 WL 3650611 (E.D.N.Y. Aug. 5, 2024)................. 8

*In re Charter Communications, Inc.*, 2005 WL 4045741 (E.D. Mo. June 30, 2005)................... 9

*In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993)................................. 14

*In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297 (N.D. Ga. 1993)..................... 4

*In re Flight Transp. Corp. Sec. Litig.*, 685 F. Supp. 1092 (D. Minn. 1987)...................... 12

*In re Life Time Fitness, Inc., Tel. Consumer Prot. Act Litig.*, 847 F.3d 619 (8th Cir. 2017) ..... 5, 6

*In re Sonic Corp. Customer Data Sec. Breach Litig.*, 2019 WL 3773737 (N.D. Ohio
    Aug. 12, 2019) ................................................................................... 12

*In re St. Paul Travelers Securities Litigation*, 2006 WL 1116118 (D. Minn. April 25, 2006) ...... 9

*In re Terra-Drill P'Ships Sec. Litig.*, 733 F. Supp. 1127 (S.D. Tex. 1990).................... 12

*In re U.S. Bancorp Litig.*, 291 F.3d 1035 (8th Cir. 2002)..................................... 6, 14

*In re Veeco Instruments, Inc. Sec. Litig.*, 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ............. 15

*In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002)........................... 4

*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F.Supp.2d 980
    (D. Minn. 2005) ................................................................... 7, 9, 11, 14

*In re Zurn Pex Plumbing Prods. Liab. Litig.*, 2013 WL 716460 (D. Minn. Feb.27, 2013).......... 16

*In re: Novant Health, Inc.*, 2024 WL 3028443 (M.D.N.C. Jun. 17, 2024)................... 8

*In re: Target Corp. Customer Data Security Breach Litig.*, 2016 WL 2757692
    (D. Minn. May 12, 2016) ........................................................................ 16

*Jenkins v. Pech*, 2016 WL 715780 (D. Neb. Feb. 22, 2016) ...................................... 5

*Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974)............................. 10

*Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241 (8th Cir. 1996) .............................. 5

*Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981)............................................. 11

*K7 Design Group, Inc. v. Walmart Inc.*, 2024 WL 756284 (W.D. Ark. Feb. 2, 2024) ............... 8

*Klug v Watts Regulator Co.*, 2017 WL 1373857 (D. Neb. Apr. 13, 2017) ............... 7, 10, 15, 16

*Knutson v. Sprint Commc'ns Co, L.P.*, 2013 WL 2490644 (D.S.D. June 10, 2013) ........... 3, 9, 13

*Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3d Cir. 1976) ................................................. 4

*Krant v. UnitedLex Corp.*, 2024 WL 5187565 (D. Kan. Dec. 20, 2024) ....................................... 12

*Lees v. Anthem Ins. Companies Inc.,* 2015 WL 3645208 (E.D. Mo. June 10, 2015) ................... 15

*Maley v. Del Global Techs. Corp.,* 186 F. Supp. 2d 358 (S.D.N.Y. 2002) .................................... 11

*Marshall v. Green Giant Co.*, 942 F.2d 539 (8th Cir. 1991) ......................................................... 12

*Meller v. Bank of the W.*, 2018 WL 5305562 (S.D. Iowa Sept. 10, 2018) ...................................... 6

*Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) ...................................................................... 4

*Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 2486888 (E.D. Ark. Aug. 12, 2009) .................... 9, 15

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140 (8th Cir. 1999) ......................................................... 4, 6

*Prater v. Medicredit, Inc.*, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) ..................................... 15

*Ray v. Lundstrom*, 2012 WL 5458425 (D. Neb. Nov. 8, 2012) ....................................................... 7

*Roeser v. Best Buy Co.*, 2015 WL 4094052 (D. Minn. July 7, 2015) ............................................ 16

*Sharp v. Watts Regulator Co.*, 2017 WL 1373860 (D. Neb. Apr. 13, 2017) .................... 7, 10, 15

*Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F.Supp.2d 1057 (D. Minn. 2010) ............... 6, 11

**Rules**

Fed. R. Civ. P. 23(h) ................................................................................................................... 4, 5

Pursuant to Federal Rules of Civil Procedure 23(h) and 54(d), and as set forth in the settlement agreement (the "Settlement Agreement" or "Settlement") between Plaintiffs David Rodriguez, Carl Schoolfield, Tananda Smith, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant (collectively, "Plaintiffs") and Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Defendant" or "Mena" and, together with Plaintiffs, the "Parties"), Bryan L. Bleichner of Chestnut Cambronne PA and Danielle Perry of Mason LLP (collectively, "Class Counsel") respectfully request that the Court award attorneys' fees in the amount of $166,666.67, and costs in the amount of $12,453.31 for reimbursement of out-of-pocket expenses. Additionally, Class Counsel request that the Court award named Plaintiffs service awards in the amount of $2,000.00 each ($10,000.00 total).

## INTRODUCTION

This class action arises out of a targeted cyberattack on Defendant's network that Plaintiffs allege resulted in unauthorized access to the sensitive data of Defendant's employees and patients (the "Data Incident"). Specifically, Plaintiffs allege that on or about October 30, 2021, an unauthorized third party gained access to Defendant's computer systems and exfiltrated information stored on the Defendant's computer systems. Defendant discovered the Data Incident on or about November 8, 2022, and approximates that 42,000 individuals were impacted by the Data Incident. Plaintiffs alleged that Defendant failed to properly safeguard the information of over 42,000 individuals, and that an unauthorized actor accessed personally identifiable information including full names, dates of birth, social security numbers, driver's license/government identification numbers, financial account information, medical information, and health insurance information ("Private Information"). Plaintiffs claim they suffered ascertainable losses and harm from the Data Incident in the form of invasion of privacy, the loss of their benefit of the bargain, out-of-pocket expenses, the value of time reasonably incurred to

1

remedy or mitigate the effects of the Data Incident, emotional distress, and the imminent risk of future harm caused by the compromise of their Private Information.

Plaintiffs asserted claims for negligence, breach of implied contract, breach of fiduciary duty, unjust enrichment, invasion of privacy, declaratory judgment, and violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*. Consolidated Amended Complaint ("CAC"), ECF No. 45. Defendant denies all of Plaintiffs' allegations. Settlement Agreement ("S.A."), ECF No. 68-2 at 4. The Court granted in part and denied in part Defendant's Motion to Dismiss on November 1, 2023. ECF No. 53. After nearly two years of litigation and extensive arm's length negotiations, the Parties were finally able to reach the Settlement. The Settlement Agreement provides for the establishment of a non-reversionary settlement fund by Defendant, *i.e.,* a common-fund settlement without reversion of unclaimed funds, in the amount of $500,000.00. S.A. ¶ 1.38.

That this case was able to settle is largely attributable to Class Counsel's litigation efforts. The work that led to this result included pre-suit investigations, preparing and filing the initial and amended complaints (ECF Nos. 2 and 45); consolidating the actions and organizing class counsel's efforts (ECF Nos. 22, 23, 24, and 27);  briefing oppositions to Defendant's two motions to dismiss (ECF Nos. 20 and 48); engaging in informal discovery via the mediation process; and engaging in arm's-length settlement negotiations.

For these efforts, Class Counsel now seek (1) $166,666.67 (one third of the $500,000.00 monetary value of the Settlement) as their reasonable attorneys' fees, (2) $12,453.31 in costs for reimbursement of out-of-pocket expenses incurred in the prosecution of this litigation; and (3) $10,000.00 in service awards ($2,000.00 each) to Plaintiffs for their efforts taken on behalf of the Class. This amount will compensate Class Counsel for work already performed in this case and for all the work remaining to be performed, including making sure that the Settlement is fairly

administered and implemented, preparing for and attending the final fairness hearing, and obtaining dismissal of this action. Indeed, Class Counsel's lodestar is $124,100.00 which means the requested fees represent a multiplier of 1.34. As explained below, the requested fees and expenses are in line with Eighth Circuit precedent for fees and expenses in similar cases.

Further, the Notice Plan, which was implemented in accordance with the Preliminary Approval Order, informed Class Members that Class Counsel intended to apply to the Court for award of attorneys' fees up to $166,666.67 in addition to case costs and expenses, and an incentive payment to each Plaintiff of $2,000.00. Notice Plan, ECF No. 68-2 at 57. Class Members were made aware of Class Counsel's intentions to request the fees sought in this action, and, to date, not a single Class Member objected to the Settlement or sought to be excluded from the Class. Thus, the Settlement enjoys the support of the Class. In these circumstances, it is appropriate for the Court to award the requested attorneys' fees. *Knutson v. Sprint Commc'ns Co, L.P.*, No. 4:11-cv-04041-KES, 2013 WL 2490644, at *4 (D.S.D. June 10, 2013) ("The notice also informed class members of their ability to object to the fee-and-expense request. No class member objected to it. The absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."). In sum, Class Counsel respectfully submit that their request for an award of attorneys' fees and reimbursement of expenses is fair and reasonable under the applicable legal standards, in light of Class Counsel's efforts in prosecuting this case and negotiating the Settlement, as well as the contingency risks undertaken. Consequently, Plaintiffs' Application should be granted by the Court.

## ARGUMENT

### A.    Plaintiffs' Request For Attorneys' Fee is Fair And Reasonable

An award of attorneys' fees is within the sound discretion of the district court. Fed. R. Civ. P. 23(h); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). The common fund doctrine, under which attorneys who create a common fund or benefit for a group of persons may be awarded their fees and costs out of the fund, has long been a staple of class action settlements in federal courts. "[A] lawyer who recovers a common fund for the benefit of persons other than . . . his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gamert*, 444 U.S. 472, 478 (1980); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970).

Substantial fee awards in successful cases, such as the present action, encourage and support meritorious class actions, and thereby promote private enforcement of, and compliance with, federal and state laws. Indeed, the success of lawsuits, such as the instant case, depends on the availability and willingness of attorneys to bring them. Substantial fee awards encourage reputable law firms with skilled, capable attorneys to take the risk of serving as "private attorneys general." *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1976) (recognizing the importance of private attorneys general in the class action context to ensure "that legislative mandates be obeyed, administrative regulations respected, and constitutional guarantees observed."); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 251 (D. Del. 2002) ("A class action facilitates spreading of litigation costs among numerous litigants and encourages private attorney general enforcement of statutes."); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 349 (N.D. Ga. 1993) (recognizing that "in order to encourage 'private attorney general' class actions" a "financial incentive is necessary to entice qualified attorneys to devote their time to complex, time-consuming cases for which they may never be paid.").

**B.** **The Court May Award Fees Based on Either a Percentage of the Common Fund or Class Counsel's Lodestar**

"In a certified class action, a district court 'may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.'" *In re Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 847 F.3d 619, 622 (8th Cir. 2017) (quoting Fed. R. Civ. P. 23(h)). "In exercising its discretion to award attorneys' fees, a district court generally applies one of two methods to determine a reasonable fee amount: the lodestar method, under which the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action, or the percentage of the benefit method, under which the fee amount is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Id.*; *see also Huyer v. Buckley*, 849 F.3d 395, 398 (8th Cir. 2017) (quoting *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996)) (same). "It is within the discretion of the district court to choose which method to apply." *Huyer*, 849 F.3d at 398; *see also Jenkins v. Pech*, No. 8:14-cv-41, 2016 WL 715780, at *1 (D. Neb. Feb. 22, 2016) (holding that district courts in the Eight Circuit utilize two main approaches for analyzing a request for attorneys' fees: "(1) the 'lodestar' methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the 'percentage of the benefit' approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation").

While it is within the court's discretion to decide which method to apply, this case is a common-fund settlement class action, and it is a "well-established rule that a district court may

use the percentage-of-the-benefit method in a common-fund settlement case[.]" *In re Life Time Fitness, Inc., TCPA Litig.*, 847 F.3d at 622. Consistently, "[t]he percentage-of-recovery methodology has been approved in common-fund settlement class action cases." *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002); *Petrovic*, 200 F.3d at 1157.

**C.**    <u>**The Requested Attorneys' Fees Are Justified Under The Percentage Method.**</u>

Under the percentage of the benefit methodology, "to recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process." *In re U.S. Bancorp*, 291 F.3d at 1038 (affirming award of 36% of the common fund).

The full amount of the common fund, not just the amount sent to class members, should be considered when awarding fees based on the percentage of the fund method. As the Eighth Circuit explained in *Huyer*, when affirming an award of one third of the total common fund:

> "A district court may include fund administration costs as part of the benefit when calculating the percentage-of-the-benefit fee amount. . . . . We agreed with the reasoning of the Ninth Circuit that where the defendant pays the justifiable cost of notice to the class, . . . it is reasonable (although certainly not required) to include that cost in a putative common fund benefiting the plaintiffs for all purposes, including the calculation of attorneys' fees."

*Huyer*, 849 F.3d at 398 (8th Cir. 2017) (cleaned up). Courts routinely award one-third of the common fund to class counsel for attorneys' fees. *See Meller v. Bank of the W.*, No. 3:18-cv-00033, 2018 WL 5305562, at *9 (S.D. Iowa Sept. 10, 2018), *report and recommendation adopted*, 2018 WL 5305556 (S.D. Iowa Oct. 1, 2018) ("An award of 33 1/3% of the maximum settlement amount is in line with other awards in the Eighth Circuit.") (citing *Huyer* 849 F.3d at 400 (finding an award of 33 1/3% of the settlement fund to be reasonable and fair); *In re U.S. Bancorp Litig.*, 291 F.3d at 1038 (concluding that a district court's attorney fee award of 36% of a class action settlement fund was not an abuse of discretion); *Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F.Supp.2d

1057, 1061 (D. Minn. 2010) (finding that an award of 36% of a class action settlement fund was "in line with the range of fees approved by the Eighth Circuit"); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F.Supp.2d 980, 998 (D. Minn. 2005) ("[C]ourts in this circuit and this district have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions.").

The services of Class Counsel clearly benefited the class and advanced the adversarial process. Class Counsel was able to negotiate a Settlement Agreement that provides Class Members with significant financial relief, including up to $2,000.00 in reimbursement for documented out-of-pocket losses and *pro rata* distribution of the remainder of the $500,000.00 Settlement Fund.

Class Counsel has also actively litigated this case for the past two years, during which Class Counsel has, *inter alia*, drafted an initial and subsequent amended complaint, twice briefed and argued against Defendant's motion to dismiss the lawsuit, conducted informal discovery, engaged in hard-fought settlement negotiations, and worked with the Settlement Administrator on the notice plan. District courts in this district have held that this level of involvement is sufficient under the percentage-of-the-benefit methodology. *See, e.g., Ray v. Lundstrom*, Nos. 8:10-cv-199, *et. al.*, 2012 WL 5458425, at *4 (D. Neb. Nov. 8, 2012) (holding that counsel's efforts "benefit[] the fund and enhance[] the recovery" where they "competently prosecuted the litigation" since filing, and "achieved a fair and reasonable settlement."). Moreover, courts have held that counsel "confers a substantial benefit to the settlement class," when they achieve, as is the case here, a "successful recovery." *Sharp v. Watts Regulator Co.*, No. 8:16-cv-200, 2017 WL 1373860, at *2 (D. Neb. Apr. 13, 2017); *Klug v Watts Regulator Co*, No. 8:15-cv-61, 2017 WL 1373857 at *2 (D. Neb. Apr. 13, 2017) (same). Class Counsel zealously advocated for Plaintiffs and the Class, which resulted in a settlement fund valued at a significant amount.

7

Accordingly, approval of the requested attorneys' fees is warranted under the percentage of the benefit methodology.

**D.**    **The Requested Attorneys' Fees are Also Warranted Under the Lodestar Method**

"Use of the lodestar approach is sometimes warranted to double-check the result of the percentage of the benefit method." *Huyer*, 849 F.3d at 399 (internal citations and further quotations omitted). The fee requested in this case is more than justified under the lodestar method. Class Counsel reasonably devoted in excess of 496 hours to this action. *See* Joint Declaration of Bryan Bleichner, Danielle Perry, and Randall K. Pulliam ("Joint Decl.") at ¶ 29.

While district courts elsewhere have granted Class Counsel's attorneys' fees requests based on hourly rates of between $550.00 to $1,050.00,[1] Class Counsel's fee request here recognizes that "local rates are to be used in assessing the reasonableness of the hourly rate in most cases, with some exceptions." *K7 Design Group, Inc. v. Walmart Inc*., No. 5:21-CV-5069-CDC, 2024 WL 756284, at *2 (W.D. Ark. Feb. 2, 2024). "Based upon various factors including counsel's experience, responsibility, and proficiency as well as the complexity of the litigation, Western District courts have approved hourly rates in the range of $200.00 to $300.00 with rates of $350.00 or more for particularly complex issues." *Id.* at *3.

Applying a conservative $250.00 per hour rate, Class Counsel has amassed a lodestar of $124,100.00. When compared with the requested fee, the lodestar yields a multiplier of 1.34, which is more than reasonable.[2] The multiplier is significantly lower than what courts frequently approve in the Eighth Circuit and is fully justified in light of the effort undertaken, the recovery achieved,

---

[1] *See, e.g.*, *In re: Novant Health, Inc.*, No. 1:22-cv-00697, 2024 WL 3028443 (M.D.N.C. Jun. 17, 2024) (approving lodestar crosscheck based on Chestnut Cambronne PA's hourly rates of $550.00 to $1,050.00); *In re Canon U.S.A. Data Breach Litig.*, 2024 WL 3650611 (E.D.N.Y. Aug. 5, 2024) (finding $600.00 a reasonably hourly rate for Mason LLP).
[2] Using Class Counsel's typical hourly rate results in a lodestar of $329,684.43 and a negative lodestar of .5.

risks involved, and the efficiency with which these cases were litigated. "[C]ases within the Eighth Circuit approv[e] multipliers of up to 5.6[.]" *Huyer*, 849 F.3d at 400 (citing *Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 2486888, at *2 (E.D. Ark. Aug. 12, 2009)); *see also, e.g.*, *In re Xcel*, 364 F.Supp.2d at 999 (multiplier of 4.7); *In re Charter Communications, Inc.*, No. 4:02-CV-1186, 2005 WL 4045741, at *18 (E.D. Mo. June 30, 2005) (multiplier of 5.6); *In re St. Paul Travelers Securities Litigation*, No. 04-3801, 2006 WL 1116118, at *1 (D. Minn. April 25, 2006) (multiplier of 3.9). Similarly, courts across the country have approved significantly higher multipliers. *See Acevedo, v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 383 (W.D.N.Y. 2016) (noting that "[c]ourts regularly award lodestar multipliers from two to six times lodestar") (quoting *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011); *Hernandez v. Merrill Lynch & Co. Inc,* 2013 WL 1209563, at *9 (S.D.N.Y. March 21, 2013) (awarding lodestar multiplier of 3.8 and noting that "[c]ourts regularly award lodestar multipliers of up to eight times lodestar, and in some cases, even higher multipliers") (collecting cases). In sum, the multiplier sought here is reasonable and well within the range approved in similar cases. Thus, the lodestar analysis confirms that the requested fee is reasonable.

## E.   The *Johnson* Factors Favor Plaintiffs' Fee Request

"The Eighth Circuit has not established factors that a district court must consider when awarding fees under the percentage-of-the-fund method, however, some cases have relied on the twelve-factor test from *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719–20 (5th Cir. 1974)." *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 628 (S.D. Iowa 2016). There are 12 *Johnson* factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 719–20 (internal quotations omitted). "Not all of the factors apply in every case, and the Court has broad discretion to determine which factors are relevant and the weight to assign those factors." *Huyer*, 314 F.R.D. at 628; *see generally Sharp*, 2017 WL 1373860, at *1; *Klug*, 2017 WL 1373857, at *1. All such factors that are applicable in this case either counsel in favor of approval or are neutral, as described herein.

       1.      **<u>Substantial Time and Labor was Required; Class Counsel Assumed Great Risks</u>**

Class Counsel took this case on a fully contingent basis, investing time, effort and money with no guarantee of ever getting paid. Joint Decl. ¶ 21. Consideration of the efforts and time expended by Class Counsel and the risk they assumed establish that the requested fee is reasonable and fair.

As noted above, since the inception of this litigation, Class Counsel have exerted substantial efforts to move this case along expeditiously. Collectively, Class Counsel have expended 496 hours to litigate and resolve this dispute. *Id.* ¶ 29. All work performed by Class Counsel was necessary, performed without duplication, and successfully advanced this litigation toward Settlement. *Id.* As such, the effort and time expended by Class Counsel in navigating the complex legal and factual issues presented in this litigation supports the requested fee. *Yarrington*, 697 F. Supp. 2d at 1063 (finding the efforts and time of counsel, among other factors, justified an award of attorneys' fee of one-third of the settlement fund).

Similarly, consideration of the contingent nature of the representation also weighs in favor of the requested fee. *Id.* at 1062 ("Courts have recognized that the risk of receiving little or no

recovery is a major factor in awarding attorney fees.") (citation omitted). Indeed, "[t]he risk of no recovery in complex cases of this sort is not merely hypothetical. Precedent is replete with situations in which attorneys representing a class have devoted substantial resources in terms of time and advanced costs yet have lost the case despite their advocacy." *In re Xcel*, 364 F. Supp. 2d at 994. Bearing the full risk of no recovery at all, Class Counsel proceeded knowing that there was a chance that Plaintiffs might not prevail and that, even if Plaintiffs did prevail, there was a chance that the case would take years to bring to trial and would not be resolved without a lengthy appeal. Thus, the contingent nature of the representation in this action further supports the fee award requested herein. *See Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) ("Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result."); *Maley v. Del Global Techs. Corp.,* 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ("Class Counsel undertook a substantial risk of absolute non-payment in prosecuting this action, for which they should be adequately compensated.").

### 2.    The Settlement Confers an Excellent Benefit on the Class

Many courts consider the result achieved to be the most important factor in determining whether the fee requested is reasonable. *In re Flight Transp. Corp. Sec. Litig.*, 685 F. Supp. 1092, 1095 (D. Minn. 1987) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *In re Terra-Drill P'Ships Sec. Litig.*, 733 F. Supp. 1127, 1129 (S.D. Tex. 1990).

As explained in detail above, the results achieved by Class Counsel confer a very significant benefit upon the Class. To begin with, the Settlement provides for a $500,000.00 common fund settlement without reversion of unclaimed funds. Class Members who incurred documented out-of-pocket losses traceable to the Data Incident can be reimbursed for up to $2,000.00, while Class Members who suffered concrete, yet intangible harms will receive a *pro*

11

*rata* share of the Settlement Fund. The Settlement thus guarantees that Class Members receive real monetary relief for their harms.

> ### 3. The Difficulty and Novelty of the Legal and Factual Issues, and the Significant Skill of Experienced Counsel

Class actions, by nature, are inherently complex and time-consuming. *Marshall v. Green Giant Co.*, 942 F.2d 539, 549 (8th Cir. 1991) ("It goes without saying that class actions are very complex and represent a significant drain on the court in terms of time and management."). Data breach cases like this one present added complexity due to novel issues of state law, as numerous courts have noted. *See e.g.*, *Krant v. UnitedLex Corp.*, No. 23-2443-DDC-TJJ, 2024 WL 5187565, at *3 (D. Kan. Dec. 20, 2024) ("the legal issues involved in data breach litigation are cutting-edge and unsettled"); *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts."); *In re Arby's Restaurant Group, Inc. Data Sec. Litig.*, No. 1:17-cv-1035-WMR, 2019 WL 2720818, at *3 (N.D. Ga. Jun. 6, 2019) ("data breach litigation involves the application of unsettled law with disparate outcomes across states and circuits").

Notwithstanding the complexity and difficulty of the issues involved in this case, Class Counsel was able to negotiate an excellent recovery for the Class. Class Counsel respectfully submit that the work they performed in this litigation reflect their skill and experience in complex class litigation.

Here, it is undisputed that Class Counsel are experienced in litigating similar consumer class actions. Mason LLP and Chestnut Cambronne PA are leading class action law firms whose lawyers regularly prosecute consumer claims, including data breach cases, and its attorneys are regularly appointed as class counsel in such actions. ECF No. 68, Exs. 2-3.

Additionally, the firm resumes of Class Counsel speak to the national reputation and extensive experience of Class Counsel in the area of complex class litigation. ECF No. 68, Exs. 2-3. Accordingly, the quality and skill involved in the services performed by Class Counsel support the requested fees. Had Class Counsel not taken a role in this litigation, they would have been free to allocate their time and resources elsewhere. Indeed, as the total number of hours expended in this litigation demonstrates, Class Counsel fully dedicated themselves to the prosecution of this litigation.

### 4.    <u>Reaction of the Class</u>

This factor will be addressed at the conclusion of the notice period and through the Motion for Final Approval. Assuming there are no to very few objections and exclusions to the Settlement further illustrates that the Settlement is fair, adequate and in the best interests of the Class. That no Class Members to date have objected to the Settlement, and specifically the fee requests as contained in the notice, further supports the contention that the fee-expense request is reasonable. *Knutson*, 2013 WL 2490644, at *4 ("The notice also informed class members of their ability to object to the fee-and- expense request. No class member objected to it. The absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.").

Indeed, it is well settled that the absence of objections to a proposed class settlement and request for attorneys' fees is strong evidence that the fees are fair and reasonable. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) ("The fact that only a handful of class members objected to the settlement similarly weighs in [class counsel's] favor."); *In re Xcel Energy*, 364 F. Supp. 2d at 1002 ("[S]ilence can be read as an endorsement of the results received and the services rendered by plaintiff's counsel."); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (holding that the lack of objections to the requested fee supported its reasonableness).

13

## F.    Comparison to Other Fee Awards in Class Action Settlements

As explained above, the amount in attorneys' fees sought is consistent with cases in the Eighth Circuit. *C.f. Huyer*, 849 F.3d at 399 ("Under the percentage-of-the-benefit method, the [fee] award was in line with other awards in the Eighth Circuit. Indeed, courts have frequently awarded attorneys' fees ranging up to 36% in class action settlement."); *In re U.S. Bancorp Litig.*, 291 F.3d at 1038 (affirming attorneys' fee award of 36% in class action settlement); *In re Xcel Energy*, 364 F.Supp.2d at 998 ("[C]ourts in this circuit and this district have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions.").

## G.    The Expenses Incurred are Reasonable and Were Necessary to Achieve the Benefit Obtained

Class Counsel incurred $12,453.31 in expenses. Joint Decl. ¶ 29. Class Counsel's litigation expenses included, *inter alia*, the costs of travel to meet with witnesses and attend hearings and mediation, transcription fees, mailing costs, expert costs, process server fees, and mediation fees. *Id.* These common and reasonable expenses were all necessary to achieve a successful result for the Class and are the type of expenses that law firms typically bill to their clients and that courts typically approve for reimbursement. *See, e.g.*, *Acevedo*, *v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 383 (W.D.N.Y. 2016) ("Courts typically allow counsel to recover their reasonable out-of-pocket expenses."); *In re Veeco Instruments, Inc. Sec. Litig.*, No. 05-MDL-01695, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (awarding $774,329.29 in expenses including "consultant and expert fees, photocopying of documents, mediation fees, court filing fees, deposition transcripts, fees for service of subpoenas to witnesses, on-line research, creation of a document database, messenger service, postage and next day delivery, long distance and facsimile expenses, transportation, [and] travel"). Accordingly, Plaintiffs respectfully request that this Court approve reimbursement of Class Counsel's expenses. As with the requested fees, the expenses to

be reimbursed are consistent with precedent within the Eighth Circuit. *See, e.g.*, *Nelson*, 2009 WL 2486888, at *2 (awarding reimbursement of class counsel's expenses of approximately $425,000.00).

## H.    Named Plaintiffs' Service Award Requests are Reasonable

Plaintiffs seek Service Awards in the amount of $2,000.00 each. "Service awards to representative plaintiffs encourage members of a class to become class representatives and reward individual efforts taken on behalf of a class." *Sharp*, 2017 WL 1373860, at *3; *Klug*, 2017 WL 1373857, at *3 (same). Providing service awards to plaintiffs who come forward to represent a class is a necessary and important component of any class action settlement, and accordingly, courts in the Eighth Circuit "regularly grant service awards of $10,000.00 or greater." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867-68 (8th Cir. 2017). *See also Prater v. Medicredit, Inc.*, No. 4:14-cv-00159, 2015 WL 8331602, at *4 (E.D. Mo. Dec. 7, 2015) (approving service award of $20,000.00 to the named plaintiff); *Lees v. Anthem Ins. Companies Inc.*, No. 4:13-cv-1411, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (approving service awards of $10,000.00 to each named plaintiff); *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 629 (S.D. Iowa 2016) (approving service award of $10,000.00 to each named plaintiff); *Bassett v. Credit Mgmt. Servs., Inc.*, No. 8:17-cv-69, 2019 WL 4262019, at *1 (D. Neb. Aug. 6, 2019), *report and recommendation adopted*, 2019 WL 4261728 (D. Neb. Sept. 9, 2019) (approving service award of $7,500.00 to the named plaintiff); *In re: Target Corp. Customer Data Security Breach Litig.*, No. 14-2522, 2016 WL 2757692, at *7 (D. Minn. May 12, 2016) (awarding $20,000.00 to each class representative).

In this lawsuit, the "named individuals took very real steps to advance the interests of the Settlement Class." *Klug*, 2017 WL 1373857, at *1. Throughout the duration of the litigation, Plaintiffs actively protected the claims in the interests of the class: they assisted with the investigation of the case, maintained contact with counsel, remained available for consultation

throughout the mediation, reviewed the material terms of the Settlement Agreement, and responded to counsel's many questions. ECF No. 68-1 at ¶ 16. Plaintiffs demonstrated an understanding of both the basis of the claims and the role of a class representative, and for their essential efforts in advancing this litigation, they are entitled to Service Awards. *See Klug*, 2017 WL 1373857, at *3 (granting service award where named plaintiffs "brought their claims to the attention of [c]lass [c]ounsel"; "searched their files and produced all of the documents they had relating to this matter"; and "gave interviews concerning their experiences regarding the products to Class Counsel"). Accordingly, the award sought in this case is reasonable. "Service award payments are regularly made to compensate class representatives for their help to a class." *Roeser v. Best Buy Co.*, No. 13-1968, 2015 WL 4094052, at *8 (D. Minn. July 7, 2015) (citing *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958, 2013 WL 716460, at *2 (D. Minn. Feb.27, 2013)) (further citations omitted) (internal quotations omitted). Here, Plaintiffs devoted substantial time in the oversight of and participation in the litigation on behalf of the Class. Consequently, the requested service award of $2,000.00 to each Plaintiff is fair and reasonable.

## CONCLUSION

Accordingly, for the abovementioned reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and award Class Counsel $166,666.67 in fees and $12,453.31 in expenses and award each named Plaintiff a Service Award in the amount of $2,000.00 ($10,000.00 total).

Dated: April 29, 2025                    Respectfully Submitted,

                                         */s/ Randall K. Pulliam*
                                         Randall K. Pulliam (AR Bar No. 981105)
                                         Courtney E. Brown (AR Bar No. 2021156)
                                         **CARNEY BATES & PULLIAM, PLLC**
                                         One Allied Drive, Suite 1400
                                         Little Rock, AR 72202
                                         Telephone: (501) 312-8500
                                         *rpulliam@cbplaw.com*
                                         *cross@cbplaw.com*

                                         ***Interim Liaison Counsel***

                                         Bryan L. Bleichner (admitted *pro hac vice*)
                                         Philip J. Krzeski (admitted *pro hac vice*)
                                         **CHESTNUT CAMBRONNE PA**
                                         100 Washington Avenue South, Suite 1700
                                         Minneapolis, MN 55401
                                         Telephone: (612) 339-7300
                                         *bbleichner@chestnutcambronne.com*
                                         *pkrzeski@chestnutcambronne.com*

                                         Danielle L. Perry (admitted *pro hac vice*)
                                         Gary E. Mason (admitted *pro hac vice*)
                                         Lisa A. White (admitted *pro hac vice*)
                                         **MASON LLP**
                                         5335 Wisconsin Avenue, NW, Suite 640
                                         Washington, DC 20015
                                         Telephone: (202) 429-2290
                                         *dperry@masonllp.com*
                                         *gmason@masonllp.com*
                                         *lwhite@masonllp.com*

                                         ***Interim Co-Lead Class Counsel***