IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| DAVID RODRIGUEZ, et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MENA HOSPITAL COMMISSION d/b/a<br>MENA REGIONAL HEALTH SYSTEM,<br><br>　　　　　Defendant. | Case No. 2:23-cv-2002<br><br>Judge: Hon. P.K. Holmes, Jr. |

**JOINT DECLARATION OF BRYAN BLEICHNER,
DANIELLE PERRY, AND RANDALL K. PULLIAM
IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

We, Bryan Bleichner, Danielle Perry, and Randall K. Pulliam jointly declare and state as follows:

1. Bryan L. Bleichner is a partner with the law firm Chestnut Cambronne, P.A. ("Chestnut Cambronne"). Danielle L. Perry is a partner with the law firm Mason, LLP ("Mason"). Randy K. Pulliam is a partner at Carney, Bates & Pulliam. Chestnut Cambronne and Mason serve as Co-Lead Class Counsel and Randall K. Pulliam serves as Liaison Counsel for Plaintiffs David Rodriguez, Carl Schoolfield, Tananda Smith, individually and on behalf of her minor children C.S. and A.S., Daniel Smedley, and Chris Cant (collectively "Plaintiffs") and the proposed Settlement Class in this action (the "Action").

2. Throughout this litigation, we and our respective law firms have been responsible for the prosecution of Plaintiffs' claims on behalf of the putative Class. On February 12, 2025, we and our respective law firms were appointed Co-Lead Class Counsel and Liaison Counsel for the Settlement Class in the Court's Preliminary Approval Order. *See* ECF No. 71 ¶ 7.

1

3. We make this Joint Declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Awards (collectively referred to as "Plaintiffs' Motion for Attorneys' Fees"). Except where otherwise stated, we each have personal knowledge of the facts set forth in this Joint Declaration based on active participation in all aspects of the prosecution and resolution of the Action. If called upon to testify, we each could and would testify competently to the truth of the matters stated herein.

## OVERVIEW OF THE LITIGATION, MEDIATION, AND SETTLEMENT

4. On January 6, 2023, Plaintiffs, individually and on behalf of the putative Class, commenced this lawsuit in the United States District Court, Western District of Arkansas, Fort Smith Division against Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Mena" or "Defendant"). ECF. No. 2.

5. The Complaint alleges that Defendant failed to properly safeguard the Private Information of over 42,000 individuals and that an unauthorized actor accessed personally identifiable information including full names, dates of birth, social security numbers, driver's license/government identification numbers, financial account information, medical information, and health insurance information ("Private Information"). Plaintiffs claim they suffered ascertainable losses and harm from the Data Incident in the form of invasion of privacy, the loss of their benefit of the bargain, out-of-pocket expenses, the value of time reasonably incurred to remedy or mitigate the effects of the Data Incident, emotional distress, and the imminent risk of future harm caused by the compromise of their Private Information. Plaintiffs asserted claims for negligence, breach of implied contract, breach of fiduciary duty, unjust enrichment, invasion of privacy, declaratory judgment, and violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*.

6.      On April 20, 2023, the Court granted Plaintiffs Motion to Consolidate related cases and on May 22, 2023, Plaintiffs filed an Amended Class Action Complaint. ECF Nos. 28, 45.

7.      On July 12, 2023, Defendants filed its Motion to Dismiss. ECF. No. 47. On November 1, 2023, the Court entered an Order granting in part and denying in part Defendant's Motion to Dismiss. ECF No. 53.

8.      On February 1, 2024, the Parties filed a Joint Motion to Stay all Proceedings pending mediation. On February 2, 2024, the Court granted the Parties' Joint Motion to Stay. ECF No. 56.

9.      On April 25, 2024, the Parties participated in mediation with Bennet G. Picker of Stradley Ronon Stevens & Young, LLP.

10.      Prior to mediation, the Parties exchanged informal discovery outlining their respective legal positions regarding the merits of Plaintiffs' claims, Rule 23 considerations, and the scope of damages. Further, during mediation, counsel for the Parties vigorously defended their clients' positions and exchanged additional information related to the merits of the claims, as well as the size and nature of the Class. That information allowed Class Counsel—attorneys with considerable experience—to make an informed assessment of the strengths and risks of Plaintiffs' claims, and balance the benefits of settlement against the risks of further litigation.

11.      At the end of the mediation session, the Parties were able to reach an agreement in principle.

12.      On June 17, 2024, Plaintiffs filed their Unopposed Motion for Preliminary Approval of a Class Action Settlement with a supporting memorandum of law and Declaration of Danielle L. Perry. *See* ECF Nos. 67-68.

13.     As further detailed in Plaintiffs' preliminary approval papers and Declaration of Class Counsel, the Settlement secures and excellent recovery for the class. The Settlement establishes a non-reversionary settlement fund by Defendant, *i.e.,* a common-fund settlement without reversion of unclaimed funds, in the amount of $500,000.00. S.A. ¶ 1.38.

14.     The Settlement provides for two separate forms of relief to class members: (1) Pro Rata Cash Payments; and (2) Reimbursement of Out-of-Pocket Expenses. *Id.* at ¶ 2.1. Class Members may submit a Claim for any Claimed Benefit for which they qualify and may combine Claims (e.g., a Class Member may be entitled to Claimed Benefits of Pro Rata Cash Payment and/or Out-of-Pocket Expenses). *Id.* No portion of the Settlement Fund will revert to the Defendant.

15.     On February 12, 2024, the Court entered its Preliminary Approval Order, finding that for the purposes of the settlement and notice, the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met and that the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise. ECF No. 71.

## NOTICE TO THE SETTLEMENT CLASS

16.     Following entry of the Court's Preliminary Approval Order, the Settlement Administrator, Simpluris, Inc. ("Simpluris") began implementation of the court-approved Notice Plan.

17.     In accord with the Settlement Agreement and the Court's Preliminary Approval Order, the Notice Plan provided individual notice of the proposed Settlement to Settlement Class Members through postal mail. To date, there have been no objections to the Settlement.

18. Simpluris established a dedicated website for the Settlement with the url https://www.menaregionaldatasettlement.com/ (the "Settlement Website") and established a toll-free telephone number (833-244-7350) for the Settlement.

19. The content of the court-approved notices provided Settlement Class Members a detailed summary of the relevant information about the Settlement, including, among other things: (1) a plain and concise description of the nature of the Action and the proposed Settlement; (2) the right of Settlement Class Members to request exclusion from, or object to, the Settlement and the deadline for doing so; (3) specifics on the date, time and place of the Final Approval Hearing; and (4) information regarding Class Counsel's anticipated fee application and the anticipated request for the Class Representatives' Service Awards.

20. Although the Clams deadline has yet to pass, Class Counsel has confirmed that, to date, Simpluris has received no requests for exclusion and no objections to the Settlement. The deadline for exclusions and objections is May 13, 2025. Class Counsel will provide the Court with an update on whether any requests for exclusions were submitted and respond to any substantive objections, if they occur, after the deadline expires.

**FACTORS SUPPORTING AND AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARDS**

21. Class Counsel's fee request represents one-third of the cash value of the Settlement or $166,666.67. Class Counsel have undertaken this highly complex class action on a contingency fee basis and have not received any payment for their work in this case to date and have not been reimbursed for any of their litigation expenses.

22. Class Counsel here are highly skilled class action attorneys specifically equipped to handle data security incident cases. Class Counsel expended significant effort to achieve substantial benefits for the Settlement Class.

23. Throughout this litigation, Class Counsel coordinated their work to avoid duplication of effort and assigned work to associates and paralegal personnel whenever possible and prudent to keep costs low.

24. To summarize, the work of Class Counsel includes, but is not limited to, the following: (a) a factual investigation and analysis in connection with researching and drafting the initial class action complaint and subsequent first amended class action complaint; (b) participation in telephone conferences with co-counsel to discuss case strategy; (c) drafting Rule 408 discovery requests and reviewing the documents and information provided by Defendant in response; (f) researching for and drafting a comprehensive mediation brief; (g) negotiating the Settlement with opposing counsel, and (h) obtaining preliminary approval of the Settlement from the Court.

25. In agreeing to the Settlement, Class Counsel carefully considered a range of additional risks, including: (a) numerous merits issues remained uncertain; (b) the challenges associated with proving damages on a class-wide basis; (c) obtaining the necessary data for and establishing a damage model and expert testimony that would ultimately be persuasive to a jury; (d) further developments in the law or the factual record of the case that could undermine Plaintiff's claims; (e) the risk that a jury might award lower damages than what is provided by the Settlement Agreement or no damages at all; (f) the risk both sides faced that a jury could react unfavorably to the evidence presented; and (g) the uncertainties, risks, expense, and significant delays associated with any appeal that would inevitably be pursued following trial and entry of final judgment.

26. A fee award of either 33.3% is well within approved norms of class ligation in both the Eighth Circuit and Arkansas. *See e.g.*, *Bingollu v. One Source Tech., LLC*, No. 22-CV-77 (DTS), 2024 WL 4249549, at *4 (D. Minn. Sept. 20, 2024) (finding request for one-third of the settlement fund "reasonable"); *Niewinski v. State Farm Life Ins. Co.*, No. 23-04159-CV-C-BP,

2024 WL 4902375, at *5 (W.D. Mo. Apr. 1, 2024) (granting attorneys' fees of one-third of $65,000,000.00 settlement); *Phillips v. Caliber Home Loans, Inc.*, No. 19-CV-2711 (WMW/LIB), 2022 WL 832085, at *7 (D. Minn. Mar. 21, 2022) (awarding Class Counsel (which included Carney Bates & Pulliam, PLLC) attorneys' fees of one third of the Settlement Fund); *Williams v. State Farm Mutual Automobile Ins. Co.*, Case No. 4:11-cv-00749-KGB (E.D. Ark. June 1, 2018), slip opinion at p. 12 (awarding Class Counsel (which included Carney Bates & Pulliam, PLLC) fees of $6.57 million, or 30% of the settlement amount of $21.9 million); *see also Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (noting that courts within the Eighth Circuit frequently award attorneys' fees between 25% and 36% of a common fund); *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017) (affirming fee award of one-third of the gross settlement fund); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (concluding that a district court's attorney fee award of 36% of a class action settlement fund was not an abuse of discretion); *Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F.Supp.2d 1057, 1061 (D. Minn. 2010) (finding that an award of 36% of a class action settlement fund was "in line with the range of fees approved by the Eighth Circuit"); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F.Supp.2d 980, 998 (D. Minn. 2005) ("[C]ourts in this circuit and this district have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions.").

27. Additionally, consideration of all the applicable factors listed in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974) strongly supports the requested fee award. *See In re Target Corp. Customer Data Security Breach Litig*., 892 F.3d 968, 977 (8th Cir. 2018); *In re Xcel Energy Inc. Securities Derivative and "ERISA" Litig*., 364 F. Supp. 2d 980, 993 (D. Minn. April 8, 2005).

28.     Class Counsel have devoted extensive hours to the prosecution of this Action. Moreover, Class Counsel's work in this litigation is far from over. Class Counsel will commit ongoing time and resources to presenting the Settlement to the Court at the Final Approval Hearing, the continued administration of the Settlement, responding to Settlement Class Member's inquiries concerning the Settlement, and overseeing and coordinating distribution of the settlement funds to the Settlement Class Members.

29.     Class Counsel have spent significant time and expenses pursuing this matter on behalf of the Class. From January 6, 2023 to April 29, 2025 Class Counsel have spent over 496 hours directly related to this litigation. Using Class Counsel's typical billing rate, this is a lodestar of $329,684.43. If applying a billable rate of $250 per hour which is routinely approved in the Western District of Arkansas, Class Counsel has a lodestar of $124,100.00. Additionally, Class Counsel has incurred $12,453.31 in expenses in pursuing this matter. In carrying out the tasks described above, Class Counsel took measures to ensure that the work was necessary in light of the needs of the case, carried out efficiently, and non-duplicative. The hourly rates that form the basis of the lodestar calculation reflect the experience of Class Counsel and co-counsel and are their customary hourly rates that are within the reasonable rates charged by attorneys with similar levels of experience and credentials in the data breach class action field. The hours Counsel spent litigating this matter reflect the reasonable and necessary effort required to achieve such a satisfactory result.

30.     Despite the clear risks involved in pursing this litigation, Class Counsel undertook this matter on a contingency basis with no guarantee of recovery and have committed substantial resources of attorney and staff time, in addition to out-of-pocket costs, towards investigating,

litigating, and settling the matter. In doing so, Class Counsel also assumed the risk of the significant delay associated with achieving a final resolution through trial or any appeals.

### CLASS COUNSEL'S REASONABLY INCURRED LITIGATION COSTS

31.	Over the course of the litigation, Class Counsel kept records of all litigation expenses. With the assistance of attorneys and staff working under our direction and supervision, we conducted a comprehensive audit of all litigation expenses incurred by Class Counsel in the prosecution of this Action. In performing the audit of Class Counsel's litigation expenses, we exercised our discretion in removing any expenses we considered unnecessary or irrelevant.

32.	After the reductions referred to above, the number of hours spent on litigation is 496.4.

33.	Class Counsel also seeks an award of $12,453.31 in expenses and costs in connection with the prosecution of the Litigation.

### CLASS REPRESENTATIVE'S SERVICE AWARDS

34.	Class Counsel is of the opinion that Plaintiffs' active involvement in this case was critical to its ultimate resolution. Without their willingness to assume the risks and responsibilities of serving as Class Representatives, we do not believe such a favorable result could have been achieved.

35.	Plaintiffs took their role as Class Representatives seriously, devoting significant amounts of time and effort to protecting the interests of the Settlement Class. They provided information to Class Counsel that informed the class action complaint, and throughout the litigation, regularly communicated with Class Counsel about strategy and major case developments. Moreover, they carefully reviewed and considered the Settlement, and consulted with Class Counsel, before approving it.

36. In light of their work, the requested service award of $2,000.00 for each Plaintiff is eminently reasonable ($10,000.00 total). *See Niewinski v. State Farm Life Ins. Co.*, No. 23-04159-CV-C-BP, 2024 WL 4902375, at *5 (W.D. Mo. Apr. 1, 2024) (approving service awards of $25,000.00); *Stuart v. State Farm Fire & Cas. Co.*, No. 4:14-CV-4001, 2020 WL 2892819, at *3 (W.D. Ark. June 2, 2020) (approving service awards of $9,500.00 each); *Braden v. Foremost Ins. Co. Grand Rapids, Michigan*, No. 4:15-CV-4114, 2018 WL 4903268, at *5 (W.D. Ark. Oct. 9, 2018) (approving service awards of $10,000.00 each); *Caligiuri*, 855 F.3d at 867 (affirming service awards of $10,000.00 each and noting "courts in this circuit regularly grant service awards of $10,000.00 or greater"); *Bassett v. Credit Mgmt. Servs., Inc.*, 2019 WL 4262019, at *1 (D. Neb. Aug. 6, 2019), *report and recommendation adopted*, 2019 WL 4261728 (D. Neb. Sept. 9, 2019) (approving service award of $7,500.00 to the named plaintiff).

37. Settlement Class Members were informed of the amount of attorneys' fees that Settlement Class Counsel would request through the notice program, so there was adequate opportunity for any Settlement Class Member to object to the fee request in advance of the deadline for objections. No Settlement Class Member has objected or excluded themselves from the settlement, which includes details concerning the requested fee award.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of April, 2025.


/s/ Bryan L. Bleichner
Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**

/s/ Danielle L. Perry
Danielle Perry
**MASON LLP**

10

*/s/ Randall K. Pulliam*
Randall K. Pulliam
**CARNEY BATES & PULLIAM, PLLC**

11