UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**DAVID RODRIGUEZ *et al.*, Individually
and on Behalf of All OthersSimilarly Situated**                              **PLAINTIFFS**

V.                              Case No. 2:23-CV-2002

**MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM**                              **DEFENDANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### REGARDING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On November 14, 2025, the undersigned held a hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 75) and Motion for Attorney Fees, Costs, and Incentive Awards (Doc. 72). Plaintiffs and Defendant Mena Hospital Commission d/b/a Mena Regional Health System ("Mena Hospital") entered into a Settlement Agreement (Doc. 68-2) that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Mena Hospital. No one appeared at the hearing to voice objections to the proposed Settlement Agreement.

Solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter is hereby certified as follows:

> all natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Incident.

The Settlement Class includes approximately 41,837 people impacted by the Data Incident. The Settlement Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness

1

of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

The Settlement Class defined above satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) in that: (a) the Class of approximately 41,837 is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

The terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation. Therefore, pursuant to Rule 23(e), it is recommended that the terms of the Settlement Agreement be finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement will be bound by the Court's Final Approval Order.  The Settlement Agreement and its terms shall have res

judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 75) be **GRANTED**. The Settlement Agreement is fair, reasonable, and adequate, and the parties entered into it in good faith, at arm's length, and without collusion. The Court should approve the distribution and allocation of the Settlement Fund under the Settlement Agreement. The Court should also approve the Release provided in the Settlement Agreement and order that, as of the Effective Date, the Released Claims will be released as to the Released Parties. The Court reserves jurisdiction over the Settlement and the Settlement Agreement for the purpose of enforcing the Settlement's terms or otherwise consummating any portion of the Settlement.

The Court's Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Mena Hospital of any claim, any fact alleged in the litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Mena Hospital or of the validity or certifiability for this litigation or other litigation of any claims or class that have been, or could have been, asserted in the litigation.

The Court's Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement, shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Mena Hospital, or that Plaintiffs,

any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and the Court's Final Approval Order may be filed in any action by Mena Hospital, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order. Moreover, the Settlement Agreement and the Court's Final Approval Order shall not be construed as an admission by Mena Hospital that Plaintiffs' claims or any similar claims are suitable for class treatment.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion for Attorney Fees, Costs, and Incentive Awards (Doc. 72) be **GRANTED**, and that the Court award Class Counsel 33.33% of the Settlement Fund ($166,666.67) and $12,453.31 in reimbursement of expenses to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. Plaintiffs and Class Counsel have adequately represented the proposed Class. Further, Class Representatives David Rodriguez; Carl Schoolfield; Tamada Smith, individually and on behalf of her minor children A.S. and K.S.; Jessica Smedley, individually and on behalf of her minor children C.S. and A.S.; Daniel Smedley; and Chris Cant should be awarded $2,000.00 each, to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class.

**FINALLY, IT IS RECOMMENDED** that all claims of the Class against Mena Hospital should be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to**

**appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    DATED this 17th day of November 2025.

                                    /s/ *Mark E. Ford*
                                    HON. MARK E. FORD
                                    UNITED STATES MAGISTRATE JUDGE