UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RODRIGUEZ *et al.*, Individually
and on Behalf of All OthersSimilarly Situated                    PLAINTIFFS

V.                            Case No. 2:23-CV-2002

MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM                                      DEFENDANT

### ORDER APPROVING REPORT AND RECOMMENDATION
### AND GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On November 14, 2025, the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, held a hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 75) and Motion for Attorney Fees, Costs, and Incentive Awards (Doc. 72). No one appeared at the hearing to voice objections to the proposed Settlement Agreement. Magistrate Judge Ford filed a Report and Recommendation (Doc. 88) that explains why the Motion for Final Approval should be granted and the Release provided in the Settlement Agreement approved. He also recommends that the Court maintain jurisdiction over the Settlement and Settlement Agreement for the purpose of enforcing the Settlement's terms if needed. Finally, Magistrate Judge Ford recommends granting the Motion for Attorney Fees, Costs, and Incentive Awards in full and dismissing all class claims against Defendant Mena Hospital Commission d/b/a Mena Regional Hospital Health System ("Mena Hospital") with prejudice.

More than fourteen days have passed, and no party filed objections to the Report and Recommendation. Upon review, the Court agrees with all recommendations made by the Magistrate Judge and hereby **ADOPTS** the Report and Recommendation **IN FULL**.

1

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 75) is **GRANTED**. The Settlement Agreement is fair, reasonable, and adequate, and the parties entered into it in good faith, at arm's length, and without collusion. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement. The Court also approves the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties. The Court reserves jurisdiction over the Settlement and the Settlement Agreement for the purpose of enforcing the Settlement's terms or otherwise consummating any portion of the Settlement.

This Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Mena Hospital of any claim, any fact alleged in the litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Mena Hospital or of the validity or certifiability for this litigation or other litigation of any claims or class that have been, or could have been, asserted in the litigation.

This Order, and all statements, documents, or proceedings relating to the Settlement Agreement, shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Mena Hospital, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and this Order may be filed in any action by Mena Hospital, Class Counsel, or Class Members seeking to enforce the

Settlement Agreement or this Order. Moreover, the Settlement Agreement and this Order shall not be construed as an admission by Mena Hospital that Plaintiffs' claims or any similar claims are suitable for class treatment.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney Fees, Costs, and Incentive Awards (Doc. 72) is **GRANTED**, and the Court awards Class Counsel 33.33% of the Settlement Fund ($166,666.67) and $12,453.31 in reimbursement of expenses to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. Plaintiffs and Class Counsel have adequately represented the proposed Class. Further, Class Representatives David Rodriguez; Carl Schoolfield; Tamada Smith, individually and on behalf of her minor children A.S. and K.S.; Jessica Smedley, individually and on behalf of her minor children C.S. and A.S.; Daniel Smedley; and Chris Cant are awarded $2,000.00 each, to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class.

**IT IS FURTHER ORDERED** that all claims of the Class against Mena Hospital are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED** on this 2nd day of December, 2025.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE