**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | |
|---|---|
| David Rodriguez, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Mena Hospital Commission d/b/a Mena Regional Health System,<br><br>　　　　Defendant. | Case No. 2:23-cv-02002-TLB |

**<u>JOINT MOTION FOR *CY PRES* DISTRIBUTION</u>**

Plaintiff David Rodriguez and Defendant Mena Hospital Commission d/b/a Mena Regional Health System (the "Parties"), by and through their undersigned counsel, submit this joint motion for *cy pres* distribution to approve the distribution of $14,677.86 in unclaimed funds stemming from the Class Settlement in this matter to Arkansas Children's Hospital Northwest as a *cy pres* recipient.

On December 2, 2025, this Court granted final approval of the Parties' class action settlement. The Settlement provides that any funds remaining in the Settlement Fund "after the distribution and reissuance of all payments from the Settlement Fund, including for all settlement payments that are not cashed by the deadline to do so, will be Remainder Funds that shall be distributed to a charitable organization approved of by the Parties and subject to Court approval." Settlement Agreement, ECF No. 68-2 ("S.A.") § 2.2. Here, $14,677.86 remains in the Settlement Fund after notice and administrative costs, attorneys' fees and costs, service awards, and Settlement benefits have been distributed. The Parties thus ask that, as

1

provided by the Settlement, the Court grant their joint motion for distribution of this $14,677.86 to Arkansas Children's Hospital Northwest.

*Cy pres* distribution "requires the distribution of funds for the indirect benefit of the class." *Powell v. Georgia-Pacific Corp.*, 843 F. Supp. 491, 497 (W.D. Ark. Jan. 31, 1994). Such distributions of unclaimed settlement funds are permissible only when it is not feasible to make further distributions to class members—where "the amounts involved are too small to make individual distributions economically viable." *Browne v. P.A.M. Transport, Inc.,* 2020 WL 4430991, at \*3 (W.D. Ark. July 31, 2020) *(citing In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015)).* Where appropriate, unclaimed funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated. *Adams v. Cradduck*, 2017 WL 3770683, \*4 (W.D. Ark. Aug. 15, 2017) *(citing In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 625-26 (8th Cir. 2001)).*

Here, all valid claims have been paid pursuant to the Settlement Agreement. After payment of all valid claims and the deadline for cashing checks passed, 139 payments remain uncashed, totaling $14,677.86. Divided amongst the 2,408 claimants who actually cashed their checks, and taking into account the administrative costs of distribution,[1] a second distribution would result in approximately $4.43 per claimant. Thus, a second distribution would not only be *de minimis,* but would benefit neither non-claimant class members nor those similarly situated. Distributing $14,677.86 to Arkansas Children's Hospital Northwest on the other hand would help fund an organization providing healthcare services—like those sought by all Settlement Class Members here.

---

[1] The Settlement Administrator estimates that the costs of administering a second distribution would be approximately $4,000.

The Parties conferred about the selection of the *cy pres* recipient and agreed that Arkansas Children's Hospital Northwest was an acceptable choice.

For these reasons, the Parties respectfully request that the Court approve the distribution of $14,677.86 in unclaimed funds stemming from the Class Settlement to Arkansas Children's Hospital Northwest as a *cy pres* recipient.

Dated: July 30, 2026

Respectfully submitted,

/s/ Randall K. Pulliam
Randall K. Pulliam (AR Bar 981105)
Courtney E. Brown (AR Bar 2021156)
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Fax: (501) 312-8500
Email: rpulliam@cbplaw.com
Email: cbrown@cbplaw.com

Bryan L. Bleichner (admitted *pro hac vice*)
Philip J. Krzeski (admitted *pro hac vice*)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
Email: bbleichner@chestnutcambronne.com
Email: pkrzeski@chestnutcambronne.com

Danielle L. Perry (admitted *pro hac vice*)
Gary E. Mason (admitted *pro hac vice*)
**MASON LLP**
5335 Wisconsin Avenue NW, Ste. 640
Washington, DC 20015
Telephone: (202) 429-2290
Email: dperry@masonllp.com
Email: gmason@masonllp.com

*Attorneys for Plaintiffs and the Putative Classes*

/s/ Sydney K. Bell
Sydney K. Bell (admitted *pro hac vice*)
**MCDONALD HOPKINS LLC**
600 Superior Avenue, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5807
Email: sbell@mcdonaldhopkins.com

Timothy J. Lowe (admitted *pro hac vice*)
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 220-1359
Email: tlowe@mcdonaldhopkins.com

*Attorneys for Defendant Mena Regional Health System*